```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

JANET JENKINS, for herself and as      :
next friend of ISABELLA MILLER-        :
JENKINS, a/k/a ISABELLA MILLER,        :
                                       :
      Plaintiffs,                      :
                                       :
             v.                        :   Case No. 2:12-cv-184
                                       :
KENNETH L. MILLER, LISA ANN MILLER     :
f/k/a LISA MILLER-JENKINS, TIMOTHY     :
D. MILLER, ANDREW YODER,               :
individually and as an agent for       :
CHRISTIAN AID MINISTRIES, INC.,        :
CHRISTIAN AID MINISTRIES, INC.,        :
RESPONSE UNLIMITED, INC., PHILIP       :
ZODHIATES, individually and as an      :
agent for RESPONSE UNLIMITED, INC.,    :
VICTORIA HYDEN, f/k/a VICTORIA         :
ZODHIATES, individually and as an      :
agent for both RESPONSE UNLIMITED,     :
INC., and LIBERTY UNIVERSITY, INC.     :
and its related ministry THOMAS        :
ROAD BAPTIST CHURCH, INC., LINDA M.    :
WALL, individually and as agent for    :
THOMAS ROAD BAPTIST CHURCH, INC.,      :
and DOUGLAS WRIGHT,                    :
                                       :
      Defendants.                      :

**Memorandum and Order**

Three defendants[1] in the above-captioned case have moved to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), seeking review of this Court's October 24, 2013 decision denying their motions to dismiss for lack of personal jurisdiction and improper venue.  The motions, ECF Nos. 118 and

---

[1] Victoria Hyden, Philip Zodhiates and Linda M. Wall (collectively "Defendants").

119, are **denied**, for the reasons set forth below.

A district court may certify an order for interlocutory appeal when it believes that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b); *see Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23 (2d Cir. 1990). Section 1292(b) is intended to provide a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. The Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *see also Klinghoffer*, 921 F.2d at 25 (holding that "it continues to be true that only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). The district courts are therefore admonished "to exercise great care" in assessing whether the standard for making a § 1292(b) certification has been met. *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992).

The standard is not met in this case. The denial of a motion to dismiss for lack of personal jurisdiction or improper venue may under some circumstances be suitable for interlocutory

review, for example when reversal of the order would terminate the action. *See Klinghoffer*, 921 F.2d at 24. In this case, however, the Defendants sought dismissal at the pleading stage. The Court made an initial determination that the Plaintiffs had made a prima facie showing of personal jurisdiction and venue on the basis of the pleadings and affidavits. The Plaintiffs will still have the burden to show by a preponderance of the evidence that personal jurisdiction and venue exists. At this stage of the litigation a reviewing court has only a preliminary and incomplete record to examine.

More importantly, the Plaintiffs requested jurisdictional discovery should the Court decide that they had not established their prima facie case. For these Defendants it was unnecessary to rule upon their request, because the Court concluded that a prima facie case had been established. Should a reviewing court reverse this determination, the issue of whether to allow jurisdictional discovery would remain to be determined on remand. Thus, reversal of the order would not terminate the action, even for these Defendants. *See Koehler*, 101 F.3d at 867 (concluding that certification of a personal jurisdiction determination was improvidently granted at an initial stage of litigation prior to discovery and an evidentiary hearing).

The Defendants have therefore not demonstrated that the Court's order involves controlling questions of law as to which

an immediate appeal may materially advance the ultimate termination of the litigation.  In addition, the Defendants have not persuaded the Court that substantial grounds exist for a difference of opinion on the personal jurisdiction or venue issues.

   The Defendants have argued that *Walden v. Fiore*, currently before the United States Supreme Court, presents identical legal questions, concerning which the circuits have split.  *See Fiore v. Walden*, 688 F.3d 558 (9th Cir. 2012), *cert. granted*, 133 S. Ct. 1493 (Mar. 4, 2013).  Although the case challenges personal jurisdiction and venue in an intentional tort claim, the *Fiore* plaintiffs alleged only that the defendant intentionally targeted residents of the forum for injury that occurred in the forum.  The Plaintiffs here alleged that Defendants' intentional tortious acts were directed not only at a forum resident but at the forum itself.  A ruling for the petitioner in *Walden* is not likely to control the outcome of the personal jurisdiction issue in this case.  Similarly, although the petitioner in *Walden* has argued that the location of the injury is not a relevant factor for venue purposes unless the injury is itself an event that occurred in the forum, the Plaintiffs here alleged that injury was inflicted, not just felt, within the forum.  Thus a ruling for the petitioner in *Walden* on the venue issue is also not likely to control the outcome in this case.

The Defendants' argument that they are secondary, not primary actors, is a factual, not a legal argument, undeveloped at this stage of the litigation, and inappropriate for interlocutory appeal under § 1292(b). Defendant Hyden's argument that Plaintiffs may not rely on their pleadings when confronted with an affidavit controverting their allegations has been specifically rejected by the Second Circuit. *See Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 & n.4 (2d Cir. 2013).

The motions to certify, ECF Nos. 118 and 119, are accordingly **denied.**

Dated at Burlington, in the District of Vermont, this 10th day of December, 2013.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge