```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

JANET JENKINS, for herself and as     :
next friend of ISABELLA MILLER-       :
JENKINS, a/k/a ISABELLA MILLER,       :
                                      :
     Plaintiffs,                      :
                                      :
          v.                          :   Case No. 2:12-cv-184
                                      :
KENNETH L. MILLER, LISA ANN MILLER    :
f/k/a LISA MILLER-JENKINS, TIMOTHY    :
D. MILLER, RESPONSE UNLIMITED,        :
INC., PHILIP ZODHIATES,               :
individually and as an                :
agent for RESPONSE UNLIMITED, INC.,   :
VICTORIA HYDEN, f/k/a VICTORIA        :
ZODHIATES, individually and as an     :
agent for RESPONSE UNLIMITED,         :
INC., and LINDA M. WALL,              :
                                      :
     Defendants.                      :

**Memorandum and Order: Motion to Compel**

In an Opinion and Order dated October 24, 2013, the Court allowed Plaintiffs sixty days in which to conduct jurisdictional discovery with respect to Defendant Response Unlimited, Inc. ("RUL"). Now before the Court is Plaintiffs' motion to compel RUL to supplement its responses to written discovery requests, and for the Court to extend the jurisdictional discovery period. As set forth below, the motion is **granted in part** and **denied in part**.

I.   Background

RUL is alleged to be a provider of direct mail and marketing services both nationally and internationally. Defendant Philip

Zodhiates is allegedly the president and sole owner of RUL, and Victoria Hyden, f/k/a Victoria Zodhiates, a past or present employee and agent.  Plaintiffs' allegations against Zodhiates and Hyden include, in part: that Zodhiates and Hyden helped coordinate transport for Lisa Miller and Isabella Miller-Jenkins out of Lynchburg, Virginia; that Zodhiates and at least one other unnamed RUL employee drove Lisa Miller and Isabella to the Canadian border; and that Hyden requested donations for supplies to be sent to Lisa Miller in Nicaragua.

RUL previously moved to dismiss for lack of personal jurisdiction.  The Court found that the information provided "by both parties concerning the presence or absence of contacts between RUL and the forum state, or the existence of any agency relationship between Hyden and RUL, or whether Zodhiates' or Hyden's activity may be attributable to RUL, is sparse," but allowed jurisdictional discovery on the ground that "discovery may supply a more satisfactory factual showing."  ECF 115 at 27. Plaintiffs have since propounded written discovery, and now move to compel RUL to supplement its responses.

**II. Discussion**

Pursuant to Fed. R. Civ. P. 37(a)(3), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, among other things, "a party fails to answer an interrogatory submitted under Rule

2

33" or "fails to respond that inspection [of requested documents] will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  In a federal civil proceeding, parties may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense involved in the pending litigation.  Fed. R. Civ. P. 26(b)(1). For this purpose, relevance is viewed broadly in that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.; see also Sedona Corp. v. Open Solutions, Inc.*, 249 F.R.D. 19, 21 (D. Conn. 2008).

With these standards in mind, the Court addresses the following disputed discovery requests:

> <u>Interrogatory 7</u>: Describe the position, title, job duties and nature of Victoria Hyden's employment with RUL, including all relevant dates, and including any changes to the aforementioned during the period of employment.

Defendants provided a response to this request, stating that Hyden performed part-time clerical work during the summer of 2009, and again briefly in December 2009, but has not worked there since.  Plaintiffs' attorneys cite Hyden's biography from the Liberty University website, which states that she was "an assistant to the list manager at a mailing lists and creative services company in Waynesboro, Virginia, where she worked for seven years."  ECF 130-2 at 1.  RUL is a mailing list company and

is reportedly located in Waynesboro, Virginia.  Plaintiffs are therefore entitled to either a supplemental response or, alternatively, a statement from RUL as to its knowledge of the accuracy of the statement on the Liberty University website.

> Interrogatory 9: Describe any contact that Victoria Hyden had with Lisa Miller, including but not limited to the date, location, and substance of each contact.

Defendants object to this interrogatory as beyond the scope of the Court's Order allowing jurisdictional discovery.  The Court agrees.  Jurisdictional discovery, as stated in the October 24, 2013 Order, was allowed for the purpose of determining RUL's contacts with Vermont, the existence of any agency relationship between Hyden and RUL, or whether Zodhiates' or Hyden's activities may be attributable to RUL.  While Hyden's contacts with Lisa Miller will surely provide relevant information about Hyden, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence regarding the role of RUL.  Indeed, it is overly broad in that regard.

> Interrogatory 10: Explain how Victoria Hyden became acquainted with Lisa Miller.

To the extent that the circumstances of Hyden's introduction to Lisa Miller are relevant to RUL, a response to this Interrogatory should be the same as to Interrogatory 16, which asks about the first contacts between Lisa Miller and agents of RUL.  Insofar as Hyden's initial contacts with Lisa Miller were unrelated to RUL, this interrogatory is overly broad.

Accordingly, the Court will compel a response to Interrogatory 16, but not to Interrogatory 10.

> Interrogatory 11: Describe any communication between Victoria Hyden and others regarding Lisa Miller, including but not limited to communications with Linda Wall, Philip Zodhiates, Kenneth Miller, or any attorney representing Lisa Miller.

This interrogatory is overly broad. Again, jurisdictional discovery was permitted for the purpose of developing evidence, if any, to support this Court's exercise of personal jurisdiction over RUL. Discovery with respect communications between Hyden and third-parties outside of RUL, particularly if those communications took place outside of her alleged role as an agent of RUL, is not reasonably calculated to lead to the discovery of admissible evidence about RUL itself.

> Interrogatory 13: Describe any contact that Philip Zodhiates had with Lisa Miller, including but not limited to the date, location, and substance of any such contact.

As with interrogatory 9, this interrogatory is overly broad.

> Interrogatory 14: Describe any communications between Philip Zodhiates and others regarding Lisa Miller, Isabella Miller-Jenkins, and/or Janet Jenkins, including but not limited to communication with Linda Wall, Victoria Hyden, Kenneth Miller, or any attorney representing Lisa Miller.

As with interrogatory 11, this interrogatory is overly broad. Moreover, to the extent that Zodhiates was an employee or agent of RUL, any relevant information should be included in response to Interrogatory 21.

5

>   Interrogatory 15: Describe any communications between
>   Philip Zodhiates and RUL employees regarding Lisa
>   Miller, Isabella Miller-Jenkins, and/or Janet Jenkins.

Zodhiates' communications with RUL employees regarding Lisa Miller, Isabella, and Janet Jenkins is relevant to the question of whether his actions might be attributable to RUL itself. The motion to compel a response to this interrogatory is therefore **granted.**

>   Interrogatory 16: Describe how and when RUL, its
>   agents, or its employees first became aware of Lisa
>   Miller, and identify the date of the first contacts
>   between Lisa Miller and RUL, its agents, or its
>   employees.

This question pertains to the circumstances of Lisa Miller's first contact with RUL, and may be highly relevant to the matter of personal jurisdiction. The motion to compel a response is therefore **granted.**

>   Interrogatory 17: Describe the circumstances of the
>   first contact between Lisa Miller and RUL, its agents,
>   or its employees, including but not limited to the
>   location of communication, the means of communication,
>   and the substance of the communication.

This interrogatory is similar to Interrogatory 16, and the motion to compel is **granted** for the same reason.

>   Interrogatory 18: Identify and describe all
>   transactions between Lisa Miller and RUL, including but
>   not limited to whether Lisa Miller was ever a client of
>   RUL, whether Lisa Miller ever sold information to RUL,
>   and/or whether Lisa Miller ever purchased information
>   from RUL.

This interrogatory seeks information that is reasonably

6

calculated to lead to the discovery of admissible evidence regarding RUL's contacts with Lisa Miller, and thus the matter of personal jurisdiction. The motion to compel a response is therefore **granted.**

> Interrogatory 19: Describe any services – whether for compensation or free – that RUL and/or its agents provided to or on behalf of Lisa Miller.

As this interrogatory again pertains to RUL's contacts with Lisa Miller, the motion to compel a response is **granted**.

> Interrogatory 20: Describe any services that RUL, its employee, and/or its agents have provided – whether for compensation or for free – that were in any way related to Lisa Miller, Isabella Miller-Jenkins or Janet Jenkins.

Because services provided to Lisa Miller, Isabella, or Janet Jenkins may be relevant to RUL's contacts with Vermont, the motion to compel a response is **granted**.

> Interrogatory 21: Describe any communications between any employee or agent of RUL and others regarding Lisa Miller, Isabella Miller-Jenkins, or Janet Jenkins, including but not limited to communications with Linda Wall, Philip Zodhiates, Victoria Hyden, or Kenneth Miller.

Unlike Interrogatories 11 and 14, this Interrogatory is limited to employees or agents of RUL. The question is thus within the bounds of jurisdictional discovery, and the motion to compel is **granted**.

> Interrogatory 22: Identify the person in the car with Philip Zodhiates, Lisa Miller and Isabella Miller-Jenkins on September 22, 2009, as they drove to Buffalo, New York, and describe the relationship

between that person and RUL.

The Amended Complaint alleges that Zodhiates was accompanied by at least one other RUL employee. ECF 59 at ¶ 36. The identity of this person may be relevant to the question of RUL's involvement, and thus the question of personal jurisdiction. The motion to compel is therefore **granted**.

> Request to Produce 24: Produce all documents (including but not limited to contracts, agreements, internal documents, correspondence, emails, Facebook updates or messages, and text messages) related to Lisa Miller, Isabella Miller-Jenkins, and/or Janet Jenkins.

RUL has objected to this request as overly broad and states that, in any event, it has no such documents. Plaintiffs' counsel submits that there are, in fact, documents responsive to this request. For example, during the trial of Kenneth Miller, the government reportedly introduced as an exhibit an email from RUL employee Bill Dolack regarding Lisa Miller and Isabella. Because this request is reasonably calculated to lead to the discovery of evidence that pertains to RUL's contacts with this case and Vermont, the motion to compel is **granted**.

> Request to Produce 25: Produce record of any communication to or from any employee of RUL (including but not limited to Bill Dolack) regarding Lisa Miller, Isabella Miller-Jenkins, Janet Jenkins, Kenneth Miller, Terry Miller, Linda Wall, or in any way otherwise related to the subject matter of this lawsuit.

For the same reasons set forth with respect to Request 24, the motion to compel responses to Request 25 is **granted**.

<u>Request to Produce 26</u>: For Interrogatories 8, 10, 13, 14, 15, 17 and 21, if there are any written records of the requested communication, including but limited to emails, produce copies.

The motion is **granted** with respect to documents responsive to Interrogatories 15, 17 and 21, for reasons set forth above regarding those Interrogatories, and is otherwise **denied**.

In sum, the motion to compel is **granted** with respect to Interrogatories 15, 16, 17, 18, 19, 20, 21, 22 and Requests to Produce 24, 25, and 26 in part, and is otherwise **denied**.[1] Responses shall be produced within 14 days of this Order. Jurisdictional discovery is extended for a period of 30 days from the date of this Order.  The parties shall each bear their own costs with regard to this motion.

Dated at Burlington, in the District of Vermont, this 19th day of March, 2014.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge

---

[1] In a footnote to their reply memorandum, Plaintiffs ask the Court to compel a complete response to Interrogatory 12. ECF 138 at 4 n.3.  As RUL has not had an opportunity to respond to the motion, the Court declines to consider the matter at this time.

9