UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JANET JENKINS, ET AL.,
                Plaintiffs,

v.

KENNETH MILLER, ET AL.,
                Defendants.

Docket No. 2:12-cv-00184-wks

## MOTION TO COMPEL AND MOTION FOR SANCTIONS

NOW COME Plaintiffs Janet Jenkins, et al., by and through undersigned counsel, and moves to compel further jurisdictional discovery responses and moves for sanctions.

On March 19, 2014, the Court granted in part Plaintiffs' first Motion to Compel Defendant Response Unlimited, Inc. ("RUL") to supplement its jurisdictional discovery responses. The Court compelled RUL to provide or supplement responses to Interrogatories 7, 15, 16, 17, 18, 19, 20, 21, 22, and Requests to Produce 24, 25, and 26 in part. Further, the Court ordered that discovery responses be provided within 14 days of the Order. On April 10, 2014 – beyond the 14-day deadline set by the Court, thereby wasting the limited time the Court set for jurisdictional discovery – RUL finally provided a purported response to the Court's order. RUL's responses are wholly inadequate, and Plaintiffs therefore move again to compel further responses and for sanctions.

I.    PLAINTIFFS MOVE TO COMPEL INTERROGATORY RESPONSES.

Despite the prior order granting Plaintiffs' first motion to compel, RUL's interrogatory responses remain incomplete. For example, Interrogatory 15 states: "Describe any communications between Philip Zodhiates and RUL employees regarding Lisa Miller,

1

Isabella Miller-Jenkins, and/or Janet Jenkins." RUL now responded: "During 2009, several RUL employees exchanged thoughts with one another about the pending legal actions, largely, if not exclusively circulating comments made by others." *See* Exhibit A, Response Unlimited Inc.'s Second Supplemental Response to Plaintiffs' First Set of Jurisdictional Interrogatories and Requests to Produce. Based on this response, it is clear that RUL has identified the employees to know that there were "several," but RUL does not provide this information despite the Court's order compelling them to do so, nor does RUL describe the actual contents of the communications, despite suggesting that they included "thoughts" about the "pending legal actions." This is an incomplete and evasive answer. *See* Fed. R. Civ. P. 37(a)(3) ("For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."). These are transparent stall tactics. The Court thoughtfully reviewed each of Plaintiffs' interrogatories and requests to produce, and denied in part Plaintiffs' first motion to compel, thus indicating careful consideration of what discovery should be compelled and what was unnecessary. Thus, where the Court ordered RUL to respond without limitation, the Court intended to enforce the language of the interrogatory, and RUL must provide a complete response.

RUL's responses to the remaining interrogatories are likewise incomplete and evasive. As another example, Interrogatory 16 stated: "Describe how and when RUL, its agents, or its employees first became aware of Lisa Miller, and identify the date of the first contacts between Lisa Miller and RUL, its agents, or its employees." The Court compelled a response, noting that this information could be "highly relevant" to personal jurisdiction. In its response, RUL sidestepped the question, instead apparently feeling that it, not the Court, has the power to decide the issue of personal jurisdiction. RUL responded: "RUL never

LANGROCK SPERRY
& WOOL LLP

conducted business with Lisa Miller, and is unaware of the timing or date of contacts, which would have occurred outside the course of its business, between any of its employees and Lisa Miller." RUL has an obligation to <u>find out</u> when the contacts occurred, as the Court ordered it to do. *Weddington v. Consol. Rail Corp.*, 101 F.R.D. 71, 74 (N.D. Ind. 1984) ("[T]here is a duty on the part of corporate entity to discover <u>all information available to it</u> through its officers, employees and others.") (emphasis added). The interrogatory responses are binding on the corporation and must reflect the personal knowledge of all relevant individuals, which would include Zodhiates, Victoria Hyden, and Matt LaPorta, who answered the interrogatories on behalf of RUL. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210 (8th Cir. 1973). The Interrogatory requests information about RUL, its agents, <u>or</u> its employees, not limited by whether RUL thinks that its employees were acting outside the course of business. Plaintiffs – and the Court – have the right to find out the facts of what happened and when, and then the Court will determine whether the facts add up to personal jurisdiction over RUL. It is not RUL's role to prejudge and withhold information, particularly in the face of a very clear order <u>compelling</u> discovery responses.

Similarly, Interrogatory 22 asked RUL to identify the person in the car with Philip Zodhiates, Lisa Miller and Isabella Miller-Jenkins on September 22, 2009, to describe the relationship between that person and RUL. The Court compelled RUL to respond to this interrogatory. But RUL's answer is evasive and does not provide the information that this Court ordered RUL to provide. RUL attempts to hide behind the argument that it "has no records of any such activities." But because Philip Zodhiates was in the car, and Philip Zodhiates is the owner of RUL, this information can be easily ascertained even if no records

LANGROCK SPERRY & WOOL LLP

existed (or were destroyed) and therefore provided to Plaintiffs. Anything short of swearing under oath that no one else was in the car is a flagrant violation of an order of this Court.

RUL's other interrogatory responses are similarly evasive and incomplete. That information is provided in Exhibit A for the Court's review.

II.     REQUESTS TO PRODUCE MUST BE ANSWERED COMPLETELY.

The responses to Plaintiffs' Requests to Produce 24, 25, and 26 are also incomplete. RUL produced only four emails: (1) one email from Bill Dolack to Philip Zodhiates dated Wednesday, August 26, 2009 at 11:38 AM; (2) one press release email from Liberty Counsel to Philip Zodhiates dated Tuesday, August 25, 2009, at 3:23 PM; (3) one email from Bill Dolack to Philip Zodhiates, Matt LaPorta, and seven others dated Sunday, July 5, 2009, at 5:31 PM; and (4) one email from Bill Dolack to Philip Zodhiates and Joel Baugher, dated Thursday, August 27, 2009, at 9:17 AM. Plaintiffs have included the dates and times of these emails to highlight that the majority were sent during business hours, using business email accounts. Further, the dates show that the produced emails are from a very limited time period of only two months, although it does indicate that RUL has retained its documents from 2009.

There must be more than four relevant emails. In fact, Plaintiffs <u>know</u> there are more emails, since in Kenneth Miller's criminal trial the prosecution introduced an exhibit (Exhibit 37a) of an email from Bill Dolack to Philip Zodhiates and others, dated Tuesday, December 22, 2009, at 8:32 PM, which Philip Zodhiates later forwarded to Kenneth Miller. *See* Exhibit B. This email was not included in RUL's recent production, thereby proving that RUL's production is incomplete. In addition, one of the emails is a press release, indicating that Philip Zodhiates was on a mailing list from Liberty Counsel. It is implausible that the mailing list was only used a single time.

Plaintiffs remind the Court that RUL's first response to the Requests to Produce was that it "has no such documents." This turned out to be a false statement, because after the Court's order compelling a complete response, RUL found four emails. RUL's credibility is therefore questionable, particularly as to the completeness and legitimacy of its search for responsive documents.

Further, the four emails produced are all to Philip Zodhiates, indicating that RUL only searched Philip Zodhiates' inbox. This is patently insufficient. RUL's response to Interrogatory 15 stated that there were communications between "several" RUL employees about Lisa Miller, Janet Jenkins, and Isabella Miller-Jenkins, so it is reasonable to infer that emails were sent to and from parties other than Philip Zodhiates. Also, the Requests to Produce ask for documents other than emails, so simply searching email inboxes is insufficient to comply with discovery obligations.

RUL did not state what search terms it used to come up with these four emails. RUL also failed to state what document storage it searched, and whether it searched any physical files in addition to electronic records. RUL has a legal obligation to produce all documents within its possession, custody or control, and this paltry production indicates that it has violated this obligation.

III.   REMEDIES SOUGHT.

Plaintiffs seek an order from the court compelling RUL to provide a Rule 30(b)(6) witness to testify on issues involving personal jurisdiction, including those set forth in the interrogatories and requests to produce already served, compelled, and evaded. From RUL's repeated evasiveness, it is clear that they will not willingly share the information in their possession, thereby preventing the Court from making a fair and accurate determination of personal jurisdiction. A 30(b)(6) deposition will allow Plaintiffs to obtain relevant, necessary

information on issues already requested but avoided through written discovery. To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available "such number of persons as will" be able "to give complete, knowledgeable and binding answers" on its behalf. *Securities & Exchange Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992). Plaintiffs urge the Court to order Philip Zodhiates as the 30(b)(6) deponent, since as the owner he has the most access to information about his company and the best ability to speak for the corporation. In addition, the information discovered to date suggests that he is the RUL employee/officer who had the most direct and frequent contact with Lisa Miller.

In the alternative, Plaintiffs seek an order compelling complete answers to the Interrogatories under penalty of strict sanctions for evasion, and allowing Plaintiffs to create search parameters for RUL to use in producing documents, with a requirement that a third party certify compliance. RUL's repeated evasion and false statements show that another order simply compelling compliance will be ineffective.

In addition, Plaintiffs seek sanctions against RUL for forcing Plaintiffs to file a <u>second</u> motion to compel. Plaintiffs request that RUL be ordered to pay its legal fees for the cost of seeking jurisdictional discovery, including the earlier motion to compel. Although the Court previously ordered that both parties bear their own costs on that motion, RUL's repeated stalling and evasiveness even after this Court's order invites reconsideration of that ruling. Finally, given RUL's untimely discovery responses and the need for filing another Motion to Compel, Plaintiffs request an additional 60 days to complete jurisdictional discovery.

DATED at Middlebury, Vermont this 17th day of April, 2014.

LANGROCK SPERRY & WOOL, LLP

/s/ Katherine B. Kramer
Katherine B. Kramer
PO Drawer 351, 111 S. Pleasant Street
Middlebury, VT 05753
kkramer@langrock.com
Phone: 802-388-6356

Attorney for Plaintiffs

622138.1