```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

JANET JENKINS, for herself and as    :
next friend of ISABELLA MILLER-      :
JENKINS, a/k/a ISABELLA MILLER,      :
                                     :
     Plaintiffs,                     :
                                     :
           v.                        :   Case No. 2:12-cv-184
                                     :
KENNETH L. MILLER, LISA ANN MILLER   :
f/k/a LISA MILLER-JENKINS, TIMOTHY   :
D. MILLER, RESPONSE UNLIMITED,       :
INC., PHILIP ZODHIATES,              :
individually and as an               :
agent for RESPONSE UNLIMITED, INC.,  :
VICTORIA HYDEN, f/k/a VICTORIA       :
ZODHIATES, individually and as an    :
agent for RESPONSE UNLIMITED,        :
INC., LINDA M. WALL,                 :
                                     :
     Defendants.                     :
```

**ORDER**

In an Opinion and Order dated October 24, 2013, the Court dismissed certain claims and Defendants from this case. The Court also granted Plaintiffs sixty days in which to move for leave to amend their pleadings. Plaintiffs timely moved to amend, and submitted with their motion a proposed Second Amended Complaint ("SAC").

The SAC strikes all causes of action brought against Defendants Andrew Yoder, Christian Aid Ministries, Inc., Liberty University, Inc., Thomas Road Baptist Church ("TRBC"), and Douglas Wright (collectively the "dismissed Defendants"). The SAC does not, however, exclude all factual references to the dismissed Defendants. Liberty University, TRBC, and Douglas

Wright ("Respondents") now ask the Court to deny the motion to amend, arguing that Plaintiffs must strike their names from the case caption and from all factual allegations.  Respondents contend that those factual allegations are "immaterial, impertinent and scandalous," that maintenance of such claims will cause them continuing harm "in the court of public opinion," and that the Court should award them attorney's fees for having to raise the issue.  Plaintiffs have no objection to altering the caption, but submit that references to Respondents are material and necessary for context.

Respondents' arguments echo Fed. R. Civ. P. 12(f), which allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions brought under Rule 12(f) are generally disfavored, and "will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."  *Schramm v. Kirschell*, 84 F.R.D. 294, 299 (D. Conn. 1979); *see also RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 394 (S.D.N.Y. 2009).  Furthermore, allegations involving dismissed claims or non-parties are often allowed to remain in amended pleadings. *See, e.g., Alexander v. Northeastern Ill. Univ.*, 586 F. Supp. 2d 905, 916 (N.D. Ill. 2008); *Masters v. Wilhelmina Modeling Agency*, 2003 WL 1990262, at *4 (S.D.N.Y. Apr. 29, 2003); *cf. Jackson v. Brickey*, 771 F. Supp.

2d 593, 606-07 (W.D. Va. 2011) ("a relevant description of the events in question does not justify" striking allegations against nonparties). It has been also been held, however, that claims involving dismissed parties may be immaterial. *See, e.g., Ruffino v. Murphy*, 2009 WL 5064452, at *1 (D. Conn. Dec. 16, 2009).

Here, the SAC includes a host of factual allegations that, although they mention dismissed Defendants, provide factual context without suggesting wrongdoing. For example, the SAC states that after Lisa Miller arrived in Lynchburg, Virginia, she joined the Thomas Road Baptist Church and was hired as a teacher at its elementary school. The SAC also alleges that leadership figures affiliated with Liberty University provided legal services for Lisa Miller and publicly supported her efforts. Other allegations, however, are less benign, such as the claim that Pastor Douglas Wright met with Lisa Miller before her departure from the United States, "understood that Lisa Miller would be taking Isabella away, and he did nothing to notify law enforcement of the situation." That sort of allegation, bearing little or no relationship to the remaining legal claims, must be stricken.

Because the proposed SAC includes some allegations that are immaterial and arguably prejudicial, maintenance of such allegations would be futile. Accordingly, the motion to amend

3

(ECF 127) must be DENIED, see *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("[w]here a proposed amendment would be futile, leave to amend need not be given"), with leave to re-file. Plaintiffs shall move for leave to file a revised SAC within 21 days of the date of this Order.  It is further ORDERED that the case caption shall exclude all dismissed parties.  The parties shall bear their own fees and costs with respect to this motion.

    Dated at Burlington, in the District of Vermont, this 6th day of May, 2014.

>/s/ William K. Sessions III
>William K. Sessions III
>United States District Judge