```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

JANET JENKINS, for herself and as  :
next friend of ISABELLA MILLER-    :
JENKINS, a/k/a ISABELLA MILLER,    :
                                   :
    Plaintiffs,                    :
                                   :
           v.                    :   Case No. 2:12-cv-184
                                   :
KENNETH L. MILLER, LISA ANN MILLER :
f/k/a LISA MILLER-JENKINS, TIMOTHY :
D. MILLER, RESPONSE UNLIMITED,     :
INC., PHILIP ZODHIATES,            :
individually and as an             :
agent for RESPONSE UNLIMITED, INC.,:
VICTORIA HYDEN, f/k/a VICTORIA     :
ZODHIATES, individually and as an  :
agent for RESPONSE UNLIMITED,      :
INC., LINDA M. WALL,               :
                                   :
    Defendants.                    :

**OPINION AND ORDER**

    Defendant Linda Wall has moved to certify for interlocutory appeal the Court's July 15, 2014 decision denying her renewed motion to dismiss for lack of personal jurisdiction.  The Court denied Wall's initial motion to dismiss for lack of personal jurisdiction on October 24, 2013.  On December 10, 2013, the Court denied her motion to certify that order for interlocutory review.  Wall subsequently renewed her motion to dismiss on the basis of the Supreme Court's ruling in *Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115 (2014).  The Court denied that motion as well, and Wall has again moved for certification under 28 U.S.C. § 1292(b).  For the reasons set forth below, her motion is DENIED.

I.   Motion to Certify Order for Interlocutory Review

A district court may certify an order for interlocutory appeal when it believes that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation."  28 U.S.C. § 1292(b); *see Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Getione Motonave Achille Lauro in Amministrazione Staordinaria*, 921 F.2d 21, 23 (2d Cir. 1990).  Section 1292(b) is intended to provide a "rare exception to the final judgment rule that generally prohibits piecemeal appeals."  *Koehler v. The Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *see also Klinghoffer*, 921 F.2d at 25 (holding that "it continues to be true that only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'") (quoting *Cooper & Lybrand v. Livesay*, 437 U.S. 463,. 475 (1978)).  District courts are therefore admonished "to exercise great care" in assessing whether the standard for making a Section 1292(b) certification has been met.  *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992).

As the Court noted in its prior order denying certification, the standard under Section 1292(b) has not been met.  The Court found previously that

2

>    the Plaintiffs requested jurisdictional discovery
>    should the Court decide that they had not established
>    their prima facie case.  For these Defendants it was
>    unnecessary to rule upon their request, because the
>    Court concluded that a prima facie case had been
>    established.  Should a reviewing court reverse this
>    determination, the issue of whether to allow
>    jurisdictional discovery would remain to be determined
>    on remand.  Thus, reversal of the order would not
>    terminate the action, even for these Defendants.  *See
>    Koehler*, 101 F.3d at 867 (concluding that certification
>    of a personal jurisdiction determination was
>    improvidently granted at an initial stage of litigation
>    prior to discovery and an evidentiary hearing).

(ECF No. 125 at 3).  This analysis applies again here, as Wall's renewed motion to dismiss was denied without additional jurisdictional discovery.  Furthermore, the case involves more than one defendant, and an interlocutory appeal by a single defendant will not materially advance the termination of the litigation.

The Court's prior order also directly addressed the arguments being presented in *Walden*, and concluded that "a ruling for the petitioner in *Walden* is not likely to control the outcome of the personal jurisdiction issue in this case."  *Id.* at 4.  As predicted, *Walden* did not alter the Court's conclusion with respect to personal jurisdiction.  Furthermore, the Court found that *Walden* "left undisturbed established Supreme Court precedent."  (ECF No. 161 at 11).  Accordingly, there is no "new legal question" justifying an interlocutory appeal.  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).

Wall's motion to certify argues that in addition to *Walden*,

questions remain about whether she was a primary participant in the alleged conduct.  The Court addressed this argument previously, finding that it was a factual, rather than legal, argument, that the issue was undeveloped, and that an interlocutory appeal was therefore inappropriate.  The Court also rejected the argument that Plaintiffs may not rely on their pleadings when confronted with an affidavit controverting their allegations, finding that this argument "has been specifically rejected by the Second Circuit."  (ECF No. 125 at 5) (citing *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 n.4 (2d Cir. 2013)).

Finally, when other defendants in the case filed a petition for writ of mandamus after the Court's July 15, 2014 ruling, the Second Circuit denied the petition on the ground that "Petitioners have not demonstrated that exceptional circumstances warrant the requested relief."  ECF No. 165.  This Court similarly finds that grounds for an interlocutory appeal have not been established.  The motion to certify (ECF No. 162) is therefore DENIED.

II.  Request for Sanctions

In response to the motion to certify, Plaintiffs have requested sanctions, arguing that Wall's filing lacks merit and is designed to delay the case.  Although Plaintiffs do not provide specific legal support for their request, the Court

4

assumes that the request is presented under Fed. R. Civ. P. 11, which prohibits filings "for any improper purpose," including "unnecessary delay."  The Second Circuit has cautioned that Rule 11 sanctions should be "made with restraint."  *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999).  The decision whether to impose sanctions is a matter for the Court's discretion.  *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004).

A Rule 11 motion must be filed separately from any other motion.  *See* Fed. R. Civ. P. 11(c)(2); *McLoed v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 145 (E.D.N.Y. 2014).  Here, Plaintiffs have not filed a separate motion, but have instead included their request for sanctions in a responsive memorandum.  Even if the motion had been filed separately, the Court finds that Wall's motion to certify was not objectively unreasonable, and that sanctions are not warranted.  *See Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000).  The request for sanctions is therefore DENIED.

III. Conclusion

For the reasons set forth above, Defendant Wall's motion to certify an order for interlocutory review (ECF No. 162) is DENIED.  Plaintiffs' request for sanctions is also DENIED.

Dated at Burlington, in the District of Vermont, this 24th day of October, 2014.

                                         <u>/s/ William K. Sessions III</u>
                                         William K. Sessions III
                                         District Court Judge