UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| JANET JENKINS, *et al.*,<br>　　　Plaintiffs<br><br>　　　　　v.<br><br>KENNETH L. MILLER, *et al.*,<br>　　　Defendants | )<br>)<br>)<br>)　Docket No. 2:12-cv-184<br>)<br>)<br>) |

### DEFENDANT PHILIP ZODHIATES, VICTORIA HYDEN AND RESPONSE UNLIMITED, INC.'S SUPPLEMENTAL MEMORANDUM

Defendants Philip Zodhiates, Victoria Hyden and Response Unlimited, Inc. ("RUL") (collectively "Defendants"), respectfully submit this supplemental memorandum in support of their motion to stay.

### Memorandum

On March 16, 2015, the Court held a hearing on the pending motion to stay, which seeks a stay of this action in favor of parallel criminal proceedings currently ongoing in the United States District Court for the Western District of New York. During the hearing, the Court proposed a potential resolution of the motion, which Defendants understand to be: (1) that RUL respond to Plaintiffs' currently outstanding discovery requests by producing to Plaintiffs only those documents that it has already produced to the Government; and (2) that this action then be stayed pending the resolution of the parallel criminal proceedings. Defendants requested an opportunity to consider the Court's proposal and respond by March 23, 2015.

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

Defendants write now to respectfully request that the Court implement its proposal by entering the attached proposed protective order. The proposed order would result in RUL promptly producing to Plaintiffs those documents it has previously produced to the Government in response to grand jury subpoenas. At the time of the hearing, the Government had served a third grand jury subpoena, dated December 4, 2014, which RUL and Mr. Zodhiates had moved to quash. The motion to quash was subsequently denied and the proposed order would also result in RUL producing documents responsive to Plaintiffs' requests that it produces in response to the December 4, 2014 subpoena. The proposed order would then provide for a stay of this action pending the resolution of *United States v. Miller,* No. 14-cr-175-RJA-JJM (W.D.N.Y.), the parallel proceeding in which Mr. Zodhiates has been indicted. Defendants have conferred with Plaintiffs, and after reaching agreement on several issues, arrived at an impasse regarding the proposed protective order. *See* Declaration of David A. Boyd, Exhibits A-D. More specifically, Plaintiffs are unwilling to agree to a protective order that would limit the use of discovery produced in this action to this action. *Id.*, Exhibits B-D.

"A party generally cannot use discovery for purposes unrelated to the lawsuit," in which it is taken. Moore's Federal Practice § 26.101[1][b]. Plaintiffs have stated that they oppose a protective order because Janet Jenkins will likely be a witness in the parallel criminal matter and "will have to communicate with the Government" accordingly. Boyd Declaration Exhibit B. This argument does not weigh against the proposed order because the Government is not a party to this case and a protective order would not impact what information it can, and cannot, share with Ms. Jenkins if it calls her as a witness in the criminal matter.

The use of discovery from this action outside of this action is one of the primary reasons Defendants moved for a stay. *See* Motion, Docket No. 172 at 3-4; Reply, Docket No. 176 at 2-3;

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -

Supplemental Submission, Docket No. 185 at 2-4. A protective order limiting the use of discovery is appropriate here for the same constitutional and pragmatic reasons weighing in favor of a stay. *See, e.g. United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83, n. 4, 84, n.6 (2d Cir. 1995) (explaining that a court "must explore the feasibility and fairness" of accommodations such as a stay or the entry of a protective order where a party validly invokes the Fifth Amendment); *In re Grand Jury Subpoena Deuces Tecum*, 945 F.2d 1221, 1222-1226 (2d Cir. 1991) (applying *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291 (2d Cir. 1979) to a grand jury subpoena seeking discovery from a civil action after observing that counsel for defendants in the civil action had expressly indicated "that they would not voluntarily produce documents or witnesses unless the information obtained would be . . . used only" in the civil action).

For the foregoing reasons, Defendants respectfully request that the Court implement its proposal and stay this action by entering the enclosed proposed order.

Dated:   Burlington, Vermont
         March 23, 2015

/s/ David A. Boyd
Robert B. Hemley, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
rhemley@gravelshea.com
For Response Unlimited, Philip Zodhiates, and Victoria Hyden

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 3 -