```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

JANET JENKINS, ET AL.,         )
                               )
         Plaintiffs,           )
                               )
         v.                    )    Case No.: 2:12-CV-184
                               )
KENNETH L. MILLER, ET AL.      )
                               )
         Defendants.           )
```

**OPINION AND ORDER**

Defendants Liberty Counsel and Rena M. Lindevaldsen ("Defendants") have filed a Motion to Certify Interlocutory Appeal and to Stay Proceedings Pending Resolution of Interlocutory Appeal. *See* ECF 280. Pursuant to 28 U.S.C. § 1292(b), Defendants are seeking review of this Court's September 29, 2017 Opinion and Order (ECF 277). For the reasons stated below, Defendants' motion for interlocutory appeal and stay of proceedings (ECF 280) is **denied**.

**BACKGROUND**

Plaintiff Janet Jenkins ("Jenkins"), for herself and as next friend of her daughter Isabella Miller-Jenkins, brings this action against individuals and organizations that she alleges conspired with her former same-sex partner, Lisa Miller, to kidnap and transport her daughter outside of the United States.

After extensive briefing by the parties, the Court ruled on Defendants' motions to dismiss and motions to strike in a 109-

1

page opinion on September 29, 2017. ECF 277. Defendants Liberty Counsel and Lindevaldsen filed their motion to certify interlocutory appeal on October 13, 2017. ECF 280. Liberty Counsel and Lindevaldsen argue that the "Court's Order involves many novel, pivotal, and controlling questions of law as to which there is a substantial difference of opinion" and that the "resolution of these seminal questions on interlocutory appeal will terminate this litigation as to Liberty Counsel and Lindevaldsen, or at minimum, dramatically alter its scope." ECF 280-1, p. 2. Specifically, Liberty Counsel and Lindevaldsen want the Second Circuit to review this Court's conclusions:

> (1) that Vermont would recognize a predicted tort for custodial interference, (2) that the custodial interference claim survives despite Jenkins not having superior custodial rights during the period in which Liberty Counsel and Lindevaldsen are alleged to have committed certain acts, (3) that this Court has personal jurisdiction over Lindevaldsen and Liberty Counsel, (4) that Jenkins' claims are not time barred and relate back to the original pleading, (5) that Jenkins' conclusory allegations of conspiracy state a claim, (6) that, despite not alleging the requisite substantial assistance, Jenkins' aiding and abetting claim survives dismissal, (7) that Section 1985 does not require state action, (8) that Section 1985 covers claims brought based on sexual orientation, and (9) that Section 1985 does not require that Jenkins allege discriminatory animus directed at her individually.

ECF 280-1, p. 1-2.

**DISCUSSION**

**I.   Legal Standard**

The Court has previously ruled on a motion for interlocutory appeal in this case. *See* ECF 125. There, the Court explained the strict standards, which it will explain again here.

A district court may certify an order for interlocutory appeal when it believes that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b); *see Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23 (2d Cir. 1990). Section 1292(b) is intended to provide a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. The Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *see also Klinghoffer*, 921 F.2d at 25 (holding that "it continues to be true that only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). The district courts are therefore admonished "to exercise great care" in assessing whether the standard for making a § 1292(b)

3

certification has been met. *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992).

## II. Defendants' Motion to Certify the Court's September 29, 2017 Order for Interlocutory Appeal is Denied

A court may certify an order for interlocutory appeal when it believes that it (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Court believes that the interlocutory appeal sought here would have no effect but to materially delay the ultimate termination of this litigation. Thus, Defendants have not met the standard for interlocutory appeal, and their motion is denied.

Defendants assert that controlling questions exist regarding both subject matter jurisdiction and personal jurisdiction. Defendants argue that "there can be no dispute that the questions of law are controlling" because a "finding that Jenkins' claims are all time barred and do not satisfy the requirements for relation back would entirely terminate the litigation as to Liberty Counsel and Lindevaldsen [], as this Court would have no jurisdiction to entertain such claims." ECF 280-1, p. 3. Defendants contend that "such questions concerning the Court's subject matter jurisdiction are appropriate for

4

interlocutory review." ECF 280-1, p. 4. Defendants further argue that "a finding that this Court lacks personal jurisdiction over Liberty Counsel and Lindevaldsen would also terminate the litigation as to these Defendants." ECF 280-1, p. 4.

Defendants Liberty Counsel and Lindevaldsen are correct that a finding that the Court lacks subject matter jurisdiction or personal jurisdiction as to them would terminate their direct involvement in the litigation; however, the litigation would continue as there are many other defendants involved in this case. *See Shovah v. Mercure*, No. 2:11-cv-00201-wks, 2013 WL 5934310, at *2 (D. Vt. Nov. 5, 2014) (explaining that "because the case involves more than one defendant, an immediate appeal will not material advance but substantially delay the termination of the litigation."). Further, given their closeness to the other defendants, Liberty Counsel and Lindevaldsen would likely be actively involved in discovery even if they are dismissed from the case. Thus, the Court does not believe that there are necessarily controlling issues of law at this stage of the litigation.

In their motion for interlocutory appeal, Defendants argue that several of the Court's decisions in its September 29, 2017 Opinion and Order are novel and that "questions of first impression are the quintessential matters in which there can be substantial grounds for difference of opinion." ECF 280-1, p. 4.

Specifically, Defendants contend that there is substantial ground for disagreement on (1) the Court's findings on Jenkins' custodial interference claim, (2) the Court's findings of personal jurisdiction, (3) the Court's Section 1985 findings, and (4) the Court's findings on timeliness. However, Defendants are essentially rehashing their arguments that the Court has already considered and ruled on in its September 29, 2017 Opinion and Order. While some of these issues may be subject to reasonable debate, the Court does not believe that any of them justify departing from the standard course of litigation--i.e., reserving appellate review of these arguments until the Court enters final judgment. It is clear that Defendants disagree with many aspects of the Court's ruling. It is also clear that certain issues in the Court's ruling constituted questions of first impression. However, Defendants have failed to put forward any "exceptional circumstances" that would justify a time-consuming interlocutory appeal.

There are many other defendants in this case besides Liberty Counsel and Lindevaldsen. The fact of the matter is that even if Liberty Counsel and Lindevaldsen were completely dismissed, the case would continue on and Liberty Counsel and Lindevaldsen would likely be actively involved as third parties. Granting Defendants' motion for interlocutory appeal would

simply delay things even further in this case which has already been going on for five years and is still not in discovery.

## CONCLUSION

For the foregoing reasons, Defendants motion to certify interlocutory appeal is **denied**. Obviously, since the Court is not granting the motion for interlocutory appeal, Defendants motion to stay proceedings pending resolution of the interlocutory appeal is **denied**.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2018.

/s/William K. Sessions III

William K. Sessions III
U.S. District Court Judge