## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

———————————————————
                                    )
JANET JENKINS, ET AL.,              )
                                    )
        Plaintiffs,                 )
                                    )        Docket No. 2:12-cv-00184
v.                                  )
                                    )
KENNETH L. MILLER, ET AL.,          )
                                    )
        Defendants.                 )
                                    )
———————————————————

## DEFENDANTS LIBERTY COUNSEL AND RENA M. LINDEVALDSEN'S EMERGENCY MOTION FOR STAY OF PROCEEDINGS PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS

**"[S]ome of these issues may be subject to reasonable debate**."[1]

Pursuant to Fed. R. App. P. 8(a)(1)(A) and L.R. 7(a), Defendants, Liberty Counsel, Inc. ("Liberty Counsel") and Rena M. Lindevaldsen ("Lindevaldsen") (collectively "Defendants"), by and through counsel, hereby move this Court for an order staying the proceedings against Defendants in this court pending the United States Court of Appeals for the Second Circuit's consideration of their Petition for Writ of Mandamus, filed on March 29, 2018.

Although this Court has recently shown disinclination to further stay these proceedings, albeit in a different context, Defendants are required to seek a stay in this Court first, prior to requesting any stay from the Second Circuit. Fed. R. App. P. 8(a)(1)(A), 8(a)(2)(A). Moreover, Plaintiff is attempting to force Defendants to submit to further litigation and discovery in Vermont, **immediately and imminently**, thereby inflicting the very harm Defendants are seeking to avoid,

---

[1] Order Denying Motion for Interlocutory Appeal, dkt. 302, p. 6 (emphasis added).

and violating the very fundamental due process right Defendants are seeking to protect through their mandamus petition – being forced to litigate in a distant forum without constitutionally sufficient contacts, on claims that are time barred. Accordingly, **Defendants respectfully request emergency or expedited consideration of this motion**.

Because this Court has already acknowledged that at least some of the issues for which Defendants seek review "may be subject to reasonable debate" (dkt. 302 at 6), a stay is appropriate and should be issued.

## MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION

On the same date as the instant motion, Defendants filed a Petition for Writ of Mandamus with the Second Circuit Court of Appeals, requesting extraordinary review of this Court's Order (dkt. 277) denying Defendants' motion to dismiss. A copy of the mandamus petition has been served on Plaintiff and this Court via overnight mail, and should be received tomorrow. Defendants now seek a stay of these proceedings from this Court pursuant to Fed. R. App. P. 8(a)(1)(A), as a prerequisite to seeking such relief from the Second Circuit. *Id.*

As the Second Circuit has recognized, "[a] request for a stay is an appeal to equity." *Ofusu v. McElroy*, 98 F.3d 694, 699 (2d Cir. 1996). Here, all equities necessitate a finding that these proceedings should be stayed against Defendants pending resolution of their mandamus petition.

First, Defendants present constitutionally significant threshold questions involving whether this court's exercise of personal jurisdiction over them is patently erroneous and a usurpation of power. Absent a stay, Defendants will be forced to litigate in a forum in which they have no constitutionally requisite contacts and thus be forced to surrender their cherished constitutional right to due process – **the very right not to be subjected to litigation which they**

**are seeking to protect in the mandamus petition**. Imposing such a surrender of rights indisputably imposes immediate and irreparable injury on Defendants.

Second, the status quo – a significant consideration in requests for a stay – is preserved by staying the proceedings against Defendants.

Third, no harm will result to Plaintiff should this Court stay the proceedings against Defendants. Plaintiff strategically and voluntarily chose not to sue these Defendants until **four years** after she initially filed this action. An additional brief delay while Defendants seek expedited, emergency and extraordinary relief will not harm Plaintiff.

Finally, Defendants have demonstrated a significant likelihood of success on the merits of their mandamus petition, and they at least present serious questions "subject to reasonable debate" (dkt. 302 at 6) concerning constitutionally significant matters, namely whether due process would be violated by haling them into court in a forum in which they lack constitutionally requisite minimum contacts. All equities thus tip decidedly in Defendants' favor, and a stay is necessary to prevent serious and irreparable harm to Defendants' fundamental liberties.

## LEGAL ARGUMENT

To warrant the issuance of a stay pending appeal, Defendants must demonstrate the four "well known" factors: (1) that Defendants are likely to succeed on the merits, (2) that Defendants will suffer irreparable injury absent issuance of a stay, (3) that the balance of the equities favors a stay, and (4) that the public interest is served by issuance of a stay. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). The Supreme Court has instructed that these "traditional stay factors contemplate individualized judgments in each case [and] the formula cannot be reduced to a set of rigid rules." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). The Second Circuit treats the factors as a "sliding scale," *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d

3

Cir. 2006), meaning that "the degree to which each factor must be present varies with the strength of the other factors." *World Trade Ctr.*, 503 F.2d at 170; *see also Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) ("The necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors."). "Simply stated, more of one excuses less of another." *Thapa*, 460 F.3d at 134. Defendants easily satisfy these requirements, and a stay pending appeal is warranted.

## I.   DEFENDANTS WILL SUFFER IRREPARABLE INJURY ABSENT THE ISSUANCE OF A STAY.

In the context of a stay pending appeal, the deprivation of significant rights constitutes irreparable harm and warrants a stay. *S.E.C. v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014) (holding that a stay is warranted if "denying a stay would deprive [petitioner] of significant rights"). If denying a stay would require Defendants to suffer the loss of significant constitutional defenses and lose the right to not to be subject to litigation in a forum lacking personal jurisdiction, irreparable injury is unquestionably present. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). The Second Circuit has often recognized that a party suffers irreparable injury where, absent the issuance of a stay, "there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chem., Inc. v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999); *Daspin*, 557 F. App'x at 48.

Forcing Defendants to submit to discovery and further litigation in the absence of personal jurisdiction would work irreparable injury on them. Obtaining vindication in a direct appeal will be meaningless to Defendants, since they will have already been forced to incur the harm of litigating in a jurisdiction-less forum. It is axiomatic that a defendant should not and cannot be forced to litigate in a forum in which he lacks sufficient minimum contacts. *See, e.g., Fox v.*

4

*Boucher*, 794 F.2d 34, 37 (2d Cir. 1986). Indeed, it is black letter law that "[t]he Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Forcing a defendant to submit to discovery in a forum where personal jurisdiction is constitutionally suspect (and, as here, utterly lacking) and the subject of merited dispute would violate this basic principle of due process.

Given that Defendants would suffer the loss of the fundamental constitutional right to due process, irreparable injury will unquestionably be suffered absent a stay. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (the loss of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable injury"). Indeed, "violations of constitutional rights are **presumed** irreparable injury." *Connecticut Dep't of Envt'l Protection v. O.S.H.A.*, 356 F.3d 226, 231 (2d Cir. 2004) (emphasis added) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also ALCU v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) (holding that "irreparable harm is presumed where there is an alleged deprivation of constitutional rights"); *Jones v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) ("there is a presumption of irreparable injury that flows from a violation of constitutional rights"). Submitting to litigation in a distant forum imposes irreparable injury when one should be absolved of that burden by constitutional protections. *In re World Trade Ctr.*, 503 F.3d at 170. A stay pending appeal is appropriate here.

## II.   DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR MANDAMUS PETITION, AND HAVE AT LEAST DEMONSTRATED A SERIOUS CASE ON THE MERITS INVOLVING LEGAL QUESTIONS "SUBJECT TO REASONABLE DEBATE."

A stay is appropriate where, as here, Defendants can demonstrate a likelihood of success on appeal, or "failing that, [they] can nonetheless demonstrate a substantial case on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). Defendants easily satisfy both criteria.

To determine whether Defendants can demonstrate a likelihood of success on the merits, the Second Circuit looks to "whether the district court applied the proper legal principles and acted within the bounds of its discretion." *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 244 (2d Cir. 1991). Demonstrating a likelihood of success is not a difficult burden because, as the Second Circuit has held, if the district court's decision represents a "**debatable holding**," a petitioner demonstrates enough to warrant a stay. *Ofusu v. McElroy*, 98 F.3d 694, 701 (2d Cir. 1996) (emphasis added); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("appellants need not show an absolute probability of success in order to be entitled to a stay," but merely need to show "that their appeals have **potential merit**." (emphasis added)); *Standard Havens Prod., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (if petitioner can demonstrate irreparable harm, "a court will not require a strong showing that the applicant is likely to succeed on the merits"); *id.* a 515 (noting that a stay is appropriate even in cases where petitioner has established a "fair" or "better than negligible chance of succeeding on the merits").

Defendants understand that this Court is not likely to agree with them on the **merits** of their extraordinary appeal, given the Court's recent holdings to the contrary. But, as the authorities above demonstrate, it is not necessary for this Court to agree with Defendants on the merits in order to issue a stay – the only requirement is that this Court agree that Defendants' appeal raises "debatable" questions of "potential merit." **Just this week**, this Court has already agreed as much when it recognized that "**some of these issues may be subject to reasonable debate**." (Order Denying Motion for Interlocutory Appeal, dkt. 302, p. 6 (emphasis added)). Accordingly, Defendants have shown – and this Court has agreed – that the Court's decision for which Defendants are seeking review represents a "debatable holding," for which a stay is warranted. *Ofusu*, 98 F.3d at 701.

This Court has also acknowledged that if Defendants ultimately prevail on subject matter and personal jurisdiction, the litigation would terminate as to them. "**Defendants Liberty Counsel and Lindevaldsen are correct that a finding that the Court lacks subject matter jurisdiction or personal jurisdiction as to them would terminate their direct involvement in the litigation . . . .**" (Dkt. 302, at 5 (emphasis added)). This is precisely why a stay is warranted as to Defendants. The likelihood of success on subject matter and personal jurisdiction is high and the implications are significant.

As to the merits themselves, in their Petition for Writ of Mandamus Defendants demonstrate that this Court's Order is erroneous and amounts to a judicial usurpation of power on several fronts. First, Defendants show that this Court exceeded the lawful bounds of its prescribed jurisdiction and misapplied binding precedent from the Second Circuit and the Supreme Court, by subjecting Defendants to litigation in a forum where they have no constitutionally significant contacts. Defendants also demonstrate that this Court misapplied binding precedent from the Supreme Court and the Second Circuit on the timeliness of Plaintiff's claims. Although this Court disagrees, Defendants respectfully believe that they are likely to succeed on the merits of their petition, and a stay is appropriate.

At the end of the day, however, Defendants reiterate that agreement on the merits is not at all required at this point, for the limited purpose of obtaining a stay. Defendants have at least shown that their Petition for Writ of Mandamus presents a serious case on the merits, and this, too, is sufficient to warrant a stay of the proceedings in the district court. *See, e.g.*, *Hilton*, 481 U.S. at 778; *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994) ("movant need only present a substantial case on the merits when a serious legal question is involved"); *Natural Res. Defense Council, Inc. v. FDA*, 884 F. Supp. 2d 108 (S.D.N.Y. 2012) ("if a serious legal question is involved, a stay may

issue when the movant presents a substantial case on the merits"); *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14-CV-585 (AJN), 2015 WL 5051769, *3 (S.D.N.Y. Aug. 25, 2015) ("if the applicant demonstrates that a serious legal question is involved in the appeal, a stay is appropriate where the is a substantial case on the merits").

Here, there can be no dispute that Defendants have demonstrated that serious legal questions are involved. Indeed, Defendants appeal to the Second Circuit for mandamus relief to prevent the immediate and irreparable harm to their due process rights, which are unquestionably "the most important personal rights guaranteed by the Constitution of the United States." *United States v. Broncheau*, 759 F. Supp. 2d 694, 697 (E.D.N.C. 2010). As their petition demonstrates, absent mandamus relief Defendants will be forced to litigate in a forum in which they have constitutionally insufficient contacts. Defendants have also shown that this Court's analysis is in direct conflict with binding holdings from the Supreme Court and this Court. These constitutionally significant questions must be adjudicated prior to forcing Defendants to submit to litigation in this Court. A stay is appropriate and should be granted.

## III.   THE BALANCE OF THE EQUITIES TIPS DECIDEDLY IN DEFENDANTS' FAVOR.

As both the Supreme Court and the Second Circuit have held, preservation of the status quo pending an appeal does not impose any harm on the party opposing the stay. *See, e.g.*, *Commodity Futures Trading Comm'n v. British Am. Commodity Options Corp.*, 434 U.S. 1316, 1320 (1977) (if status quo is maintained during appeal, no harm results to party opposing the stay); *S.E.C. v. Citigroup Global Markets Inc.*, 673 F.3d 158, 168 (2d Cir. 2012) (where, as here, a "stay does nothing more that maintain the status quo existing prior to the district court's order . . . we can see no appreciable harm to anyone from issuance of the stay").

Here, the status quo is best preserved by staying the proceedings as to Defendants pending resolution of Defendants' mandamus petition. Plaintiff originally filed her complaint in 2012, seeking the same relief she seeks against Defendants now. But, Plaintiff chose not to name Defendants in her original complaint despite admittedly having actual knowledge of Defendants' alleged involvement in the events she alleges. Defendants, however, have only recently been afforded the constitutionally required opportunity to be heard in their significant constitutional and statutory defenses. Having voluntarily waited **four years** after initiating this litigation to bring her claims against Defendants, Plaintiff will suffer no harm if the proceedings against Defendants are stayed pending the outcome of their mandamus Petition. On the other hand, Defendants will suffer the immediate and irreparable injury attendant to being subjected to litigation in the absence of personal jurisdiction, including the loss of their cherished constitutional right to due process. *See supra* Section I. The status quo clearly favors Defendants here, and a stay is necessary to preserve it and to prevent the violation of Defendants' constitutional rights.

## IV. THE PUBLIC INTEREST FAVORS A STAY.

In the context of a stay pending appeal, the Second Circuit has noted that the public interest is well served by vindicating constitutional defenses to which a party is entitled. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Indeed, as the Second Circuit has unequivocally stated, the protection of constitutional rights is always in the public interest. *See, e.g., Lopez Torres v. N.Y. State Bd. of Elections.*, 462 F.3d 161, 208 (2d Cir. 2006), *rev'd on other grounds*, *N.Y. State Bd. of Elections v. Lopez Torres*, 552 U.S. 196 (2008) (continuation of "constitutionally infirmity" "cuts sharply against the public interest"); *id.* (the public interest clearly favors the protection of constitutional rights" (quoting *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 884-84 (3d Cir. 1997)). This conclusion is also universally

recognized among the circuits. *See, e.g.*, *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 590 (7th Cir. 3012) (protecting constitutional rights is "always in the public interest"); *Phelps-Roper v. Nixon*, 509 F.3d 480, 485 (8th Cir. 2007) (same); *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) ("it is always in the public interest to protect [constitutional] liberties"); *Newson v. Albermarle Cnty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) ("Surely, upholding constitutional rights serves the public interest."); *Swartzwelder v. McNeilly*, 297 F.3d 228, 242 (3d Cir. 2002) ("the public interest is best served by eliminating [constitutional violations"); *Sammartano v. First Judicial Dist. Ct.*, 202 F.3d 959, 975 (9th Cir. 2002) ("it is always in the public interest to protect constitutional rights"); *Homans v. City of Albuquerque*, 264 F.3d 1240, 1244 (10th Cir. 2001) ("we believe that the public interest is better served by following binding Supreme Court precedent and protecting the core [constitutional rights]"); *G&V Loungs, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("it is always in the public interest to prevent the violation of a party's constitutional rights"); *Machesky v. Bizzell*, 414 F.2d 283, 288-90 (5th Cir. 1969) (constitutional rights are "rights of the general public for the benefits of all").

Here, Defendants will suffer irreparable harm by sacrificing the cherished constitutional protections of due process, which is unquestionably "one of the most important personal rights guaranteed by the Constitution of the United States." *United States v. Broncheau*, 759 F. Supp. 2d 694, 697 (E.D.N.C. 2010). Issuance of a stay pending appeal will provide adequate constitutional protections for Defendants' due process rights and is therefore *ipso facto* in the public interest. A stay pending appeal is warranted and should be issued.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay should be granted.

Dated: March 29, 2018                    Respectfully submitted,

Anthony R. Dupree                        /s/ Daniel J. Schmid
NEUSE, DUPREY, & PUTNAM                  Horatio G. Mihet*
1 Cross Street                           Daniel J. Schmid*
Middlebury, VT 05743                     Roger K. Gannam*
Phone: (802) 388-7966                    LIBERTY COUNSEL
Fax: (802) 388-9713                      P.O. Box 540774
Email: anthony@ndp-law.com               Orlando, FL 32854
                                         Phone: (407) 875-1776
                                         Fax: (407) 875-0770
                                         Email: dschmid@lc.org

                                         *Attorneys for Defendants Liberty Counsel,
                                         and Staver and Lindevaldsen (in their
                                         individual capacities)*

                                         *Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2018, I caused the foregoing to be
electronically filed with this Court. Service will be effectuated on all counsel of record via this
Court's ECF/electronic notification system.

                    /s/ Daniel J. Schmid
                    Horatio G. Mihet*
                    Daniel J. Schmid*
                    Roger K. Gannam*
                    LIBERTY COUNSEL
                    P.O. Box 540774
                    Orlando, FL 32854
                    Phone: (407) 875-1776
                    Fax: (407) 875-0770
                    Email: dschmid@lc.org

                    *Attorneys for Defendants Liberty Counsel, and Staver and
                    Lindevaldsen (in their individual capacities)*
                    *Admitted pro hac vice