```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

JANET JENKINS, for herself and as      :
next friend of ISABELLA MILLER-        :
JENKINS, a/k/a ISABELLA MILLER,        :
                                       :
     Plaintiffs,                       :
                                       :
          v.                           :   Case No. 2:12-cv-184
                                       :
KENNETH L. MILLER, LISA ANN MILLER     :
f/k/a LISA MILLER-JENKINS, TIMOTHY     :
D. MILLER, RESPONSE UNLIMITED,         :
INC., PHILIP ZODHIATES,                :
individually and as an                 :
agent for RESPONSE UNLIMITED, INC.,    :
VICTORIA HYDEN, f/k/a VICTORIA         :
ZODHIATES, individually and as an      :
agent for RESPONSE UNLIMITED,          :
INC., LINDA M. WALL, LIBERTY           :
UNIVERSITY, INC., RENA M.              :
LINDEVALDSEN, LIBERTY COUNSEL,         :
LLC,                                   :
                                       :
     Defendants.                       :

## OPINION AND ORDER

Plaintiff Janet Jenkins, for herself and as next friend of her daughter Isabella Miller-Jenkins, brings this action against several individuals and organizations alleging that they kidnapped and conspired to kidnap Isabella. Pending before the Court are an emergency motion for a stay of all proceedings (ECF No. 307) and a motion for a protective order and stay (ECF No. 317), both filed by defendants Liberty Counsel and Rena Lindevaldsen. Liberty Counsel and Lindevaldsen seek a stay and a protective order while they pursue an interlocutory appeal. For the reasons set forth below, their motions are **denied.**

**Background**

Liberty Counsel and Rena Lindevaldsen previously moved to dismiss on numerous grounds, including lack of personal jurisdiction. The Court denied the motion to dismiss, together with motions to dismiss filed by other defendants. (ECF No. 277). As a result, the case is ongoing and discovery has commenced.

Liberty Counsel and Lindevaldsen subsequently moved the Court for a certificate of appealability, seeking leave to file an interlocutory appeal with the United States Court of Appeals for the Second Circuit. The Court denied the motion. Movants then filed a petition for a writ of mandamus with the Second Circuit, and a motion in this Court for a stay of all proceedings while the petition was pending.

The Second Circuit has since denied the petition for a writ of mandamus, citing authority for the proposition that an appeal at the end of the case is an adequate remedy. *In re Liberty Counsel*, No. 18-876 (ECF No. 33) (2d Cir. July 9, 2018). Liberty Counsel and Lindevaldsen have petitioned the Second Circuit for en banc review, and have again moved this Court for a stay and a protective order while their request for review is pending. The proposed protective order would relieve Lindevaldsen and Liberty Counsel from, among other things, their obligations to respond to plaintiffs' discovery requests.

**Discussion**

Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). A request for a stay of discovery is treated as a request for a protective order under Rule 26(c). *See, e.g., Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 66 (D. Conn. 2010); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The four factors to be considered in issuing a stay pending appeal are well known: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776

(1987)).  The party seeking a stay bears the burden of showing that good cause exists.  *United States v. Cty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).

In this case, movants must show a likelihood of success in their underlying pursuit of an interlocutory appeal.  This Court previously declined their motion for a certificate of appealability, and a three-judge panel of the Second Circuit similarly declined to hear their appeal prior to the entry of final judgment.  The strength of their request for en banc review is therefore very much in doubt.

With regard to prejudice, Liberty Counsel and Lindevaldsen protest the scope of the plaintiffs' discovery requests, arguing that they are "highly intrusive and burdensome."  ECF No. 317 at 2.  Discovery in this case may indeed be complicated by plaintiffs' requests for documented communications between attorneys and their clients.  Nonetheless, those issues can be reviewed first by counsel in the ordinary course of discovery negotiations, and then if necessary in the context of motions to compel.  Movants' concerns are not, by themselves, grounds for a blanket protective order.

Liberty Counsel and Lindevaldsen further argue that discovery in this case violates their due process rights, since one of their arguments for dismissal was this Court's alleged lack of personal jurisdiction.  Such a violation they contend,

constitutes irreparable harm.  That argument, however, ignores the likelihood – assuming the Second Circuit concludes that this Court does, in fact, lack personal jurisdiction – that similar litigation and similar discovery efforts will commence in another jurisdiction.  Moreover, this Court has determined that Liberty Counsel and Lindevaldsen had constitutionally-sufficient contacts with the State of Vermont.

With respect to harm to other interested parties, no such harm is apparent.  None of those parties have joined in the motions to stay, and movants have offered no argument on that factor.

Finally, the equities and the public interest do not favor the movants.  This case has been proceeding for over five years.  Despite the age of the case, there has been little discovery.  Most recently, Liberty Counsel and Lindevaldsen were twice denied an interlocutory appeal, including rejection at the Second Circuit.  While movants continue to press their right to appeal, the equities and the public interest favor moving forward with discovery at this time.

## Conclusion

For the reasons set forth above, the emergency motion for a stay of all proceedings (ECF No. 307) and motion for a protective order and stay (ECF No. 317) are **denied**.

DATED at Burlington, in the District of Vermont, this 29th day of August, 2018.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge