UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JANET JENKINS, ET AL.,
           Plaintiffs,

v.

KENNETH L. MILLER, ET AL.,
           Defendants.

Case No. 2:12-cv-184

### MOTION TO MODIFY DISCOVERY SCHEDULE/ORDER

Plaintiffs, by their attorneys, move this Court for a six-week extension of the current deadline of August 29, 2019, for completion of discovery. Before filing this motion, Plaintiffs attempted to gain the consent of Defendants. Defendants Philip Zodhiates, Victoria Hyden, Response Unlimited, Inc., and Linda Wall have agreed to the six-week extension of all discovery deadlines; Defendant Kenneth Miller has agreed to a six-week extension of the deadline for submission of expert reports four months before the completion of discovery; and Defendants Liberty Counsel, Rena Lindevaldsen, and Timothy Miller have not responded as of this filing.

**Background**

By Order entered August 29, 2018, (ECF No. 329), the Court approved and ordered the proposed discovery schedule submitted to the Court on August 16, 2018 (ECF No. 320) and ordered that discovery shall be completed within one year of August 29, 2018. Paragraph 10 of the discovery schedule provides that the parties shall submit affirmative expert reports on or before four months before the close of all discovery, or April 29, 2019.

Unfortunately, discovery has not progressed as expeditiously as anticipated by the discovery schedule. Although Plaintiffs served documents requests on all defendants (except

1

Timothy Miller) in June 2018, some defendants have yet to produce any documents, and the document production by other defendants is incomplete. Some Defendants have opposed discovery on First and Fifth Amendment grounds. Plaintiffs diligently continue to attempt to resolve disputes with Defendants, but that also has taken a lot of time.

Plaintiffs have also served non-party discovery requests, and some of those requests are still outstanding. Although Christian Aid Ministries and Internet Archives have produced documents,[1] non-party Liberty University has yet to produce any documents in response to a subpoena served on it during October 2018. Additional non-party discovery is likely to include residents of Canada and Nicaragua. Only one set of defendants (Response Unlimited, Zodhiates and Hyden) has served discovery requests on Plaintiff Janet Jenkins, and those responses are not yet due. No depositions have been noticed, scheduled, or taken.

In other words, despite Plaintiffs' diligence, discovery is still in fairly preliminary stages. It would seem premature to require affirmative expert reports to be submitted at this time. However, it would be unduly harsh to bar the parties from submission of expert witness reports (and thereby to bar testimony from any expert witness).

This is the first request for an extension of a discovery deadline. Pending before the Court is Defendants' request for an extension of the Early Neutral Evaluation deadline (opposed by Plaintiffs), which was filed on October 31, 2018. (ECF No. 338 & 344).

**Argument**

Federal Rule of Civil Procedure 16(b)(4) permits the modification of discovery deadlines for good cause. While the primary consideration in determining whether good

---

[1] An additional complication is that Christian Aid Ministries would not produce documents without the protection of a protective order, but several Defendants have informed Plaintiffs that they oppose the entry of any protective order.

cause exists is the diligence of the moving party, the Court may consider other relevant factors, such as any prejudice that might result from the requested modification. *See Rodriguez v. Athenium House Corp.*, No. 11-civ-5534, 2012 WL 2161284, at *2 (S.D.N.Y. June 14, 2012) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) & *Kassner v. 2nd Avenue Delicatessen, Inc.*, 486 F.3d 229, 244 (2d. Cir 2007)). Local Rule 26(a)(7) also specifies the complexity of the case as a relevant consideration.

The instant case can fairly be categorized as a complex case. It involves eight defendants and two plaintiffs; motion practice has been extensive; the relevant facts extend over years and involve international kidnapping; the legal issues involve analyses of federal civil rights laws as well as civil conspiracy. Defendants have raised arguments based in the First and Fifth Amendments to oppose Plaintiffs' discovery requests. Non-party discovery is likely to extend to residents of Canada and Nicaragua.

Despite Plaintiffs' diligence in serving discovery requests on all defendants over nine months ago, discovery is still in preliminary stages. For example, defendant Liberty Counsel has not yet produced any documents (although it has promised to produce documents by May 10); defendant Rena Lindevalden has produced only a handful of documents (although she has agreed to review her production by May 10); both Liberty Counsel and Lindevaldsen have opposed discovery on First Amendment grounds. Defendant Linda Wall has produced no documents. Defendants Response Unlimited, Zodhiates and Hyden have opposed discovery (other than what they produced during discovery on jurisdiction) on Fifth Amendment grounds. Non-party Liberty University has yet to comply with the October 31, 2018, subpoena served on it by Plaintiffs. Most defendants have yet to serve any discovery requests on Plaintiffs.

3

The motion of defendant Timothy Miller to dismiss the complaint against him for insufficient service of process is still pending.

Thus, despite Plaintiffs' diligent efforts, additional time is needed to continue discovery and to prepare expert witness reports.

**Conclusion**

For the foregoing reasons, this Court should grant Plaintiffs' unopposed motion for a six-week extension in the deadline for conclusion of discovery.

DATED: April 29, 2019                    Respectfully submitted,

                                       /s/ Frank Langrock
                                       *On behalf of attorneys for Plaintiffs*


                                       /s/ Beth D. Jacob
                                       *On behalf of attorneys for Plaintiffs*

Frank Langrock
LANGROCK SPERRY & WOOL, LLP
P.O. Drawer 351, 111 S. Pleasant Street
Middlebury, Vermont 05753
E: flangrock@langrock.com
P: 802-388-6356

Sarah R. Starr
SARAH STAR, ESQ, PC
P.O. Box 106
Middlebury, Vermont 05753
E: srs@sarahstarlaw.com
P: 802-385-1023

Beth D. Jacob
Diego A. Soto
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
E: beth.jacob@splcenter.org
E: diego.soto@splcenter.org
E: CMECFLGBT@splcenter.org

P: 334-956-8200
F: 334-956-8481

J. Tyler Clemons
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue
New Orleans, Louisiana 70170
E: tyler.clemons@splcenter.org
P: 504-486-1530
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including the following:

Brooks G. McArthur
JARVIS, MCARTHUR & WILLIAMS, LLC
P.O. Box 902 / 95 St. Paul Street, Suite 2E
Burlington, VT 05402-0902
*Counsel for Defendant Kenneth L. Miller*

Robert B. Hemley
Matthew B. Byrne
Norman C. Williams
GRAVEL & SHEA PC
P.O. Box 369 / 76 St. Paul Street, 7th Floor
Burlington, VT 05402-0369
*Counsel for Defendants Philip Zodhiates, Victoria Hyden, and Response Unlimited, Inc.*

Norman C. Smith
P.O. Box 24 / 76 Lincoln Street
Essex Junction, VT 05453
*Counsel for Defendant Linda M. Wall*

Anthony Duprey
NEUSE, DUPREY, & PUTNAM, PC
1 Cross Street
Middlebury, VT 05753
*Counsel for Defendants Liberty Counsel and Rena M. Lindevaldsen*

Horatio G. Mihet
Daniel J. Schmid
Roger K. Gannam
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
*Counsel for Defendants Liberty Counsel and Rena M. Lindevaldsen*

Michael J. Tierney
Wadleigh, Starr & Peters, PLLC
95 Market Street
Manchester, NH 03101
*Counsel for Defendant Timothy D. Miller*

DATED April 29, 2019

/s/ J. Tyler Clemons
*On behalf of attorneys for Plaintiffs*

.