```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

JANET JENKINS                          :
                                       :
        v.                             :   Case No. 2:12-cv-184
                                       :
KENNETH L. MILLER ET. AL.,             :
                                       :
        Defendants.                    :

### OPINION AND ORDER: PLAINTIFFS' MOTION TO COMPEL DISCOVERY
(Doc. 361)

Plaintiff Janet Jenkins, for herself and as next friend of her daughter Isabella Miller-Jenkins, has brought suit against several individuals and organizations, alleging that they kidnapped and conspired to kidnap Isabella. Plaintiffs assert claims of commission of, and conspiracy to, commit an intentional tort of kidnapping and conspiracy to violate civil rights under 42 U.S.C. § 1985(3).

On July 23, 2019, Plaintiffs filed a motion to compel discovery pursuant to Fed. R. Civ. P. 26, 34, and 37. For the reasons set forth below, Plaintiff's motion is **granted** in part and **denied** in part.

### PROCEDURAL BACKGROUND

Plaintiffs served a request for discovery on the Liberty Counsel Defendants on June 27, 2018. ECF 361-1, 2. On October 15, 2018, Defendants Liberty Counsel and Rena Lindevaldsen

1

provided substantially identical responses and objections to those Requests, but produced no documents. ECF 361-3, 4. On January 15, 2019, Defendant Lindevaldsen made an initial production of documents totaling 346 pages, 315 of which were grayscale printouts from Facebook. After conferences in February and April of 2019, Defendants agreed to produce responsive documents on May 10, 2019. ECF 361-55.

On June 10, 2019, Liberty Counsel provided substantially identical responses and objections to Plaintiffs' Requests. ECF 361-7. Liberty Counsel also made a production of 225 pages, 224 of which consisted of grayscale printouts from Facebook, YouTube, and Liberty Counsel's own websites. ECF 361-8 at 2. Lindevaldsen produced no additional documents. *Id.* Defendants did not produce privilege logs for either production. *Id.* Liberty Counsel and Lindevalsen have produced a combined total of 571 pages in response, of which 539 pages are printouts from publicly available websites.

## **LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Supreme Court has broadly construed the scope of discovery "to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on" the claims or defenses, and that is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery is neither limited to the issues raised by the pleadings, nor to the merits of a case. *Oppenheimer*, 431 U.S. at 351.

In determining whether a discovery request is proportional to the disputed issues, Fed. R. Civ. P. 26(b)(1) directs trial courts to consider "the importance of the issue at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 vests the trial judge with broad discretion over making these determinations. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

**DISCUSSION**

I. Requests 4 – 7

Requests 4, 5, and 6 seek all of Defendants' documents and communications concerning Janet Jenkins, Isabella Miller-Jenkins, and Lisa Miller. ECF 361-1, 2. Request 7 seeks all communications with Isabella Miller-Jenkins. Defendants object to each of these requests as "vague, overbroad, and unduly burdensome . . . [and] not proportional to the needs of this case." ECF 361-3, 4. Defendants further contend that Plaintiffs' Requests would force Liberty Counsel to review thousands of documents, straining the organization's resources; they suggest that the volume of requested materials indicates bad faith on the part of Plaintiffs and Plaintiffs' Counsel. ECF 365. Hence, Defendants refuse to conduct any search until Plaintiffs narrow them by subject matter. Plaintiffs argue, however, that the Request is proportional to the case, and that Defendants have failed to base their objection to these Requests in any particularized facts. Plaintiffs have also offered to narrow Requests 4 – 7 based on the number and type of documents found during Defendant's search, but contend that any narrowing before an actual search is conducted would be premature.

Fed. R. Civ. P. 26(b)(1) requires the court to ensure that all discovery requests are proportional to disputed issues. In making this determination, courts are directed to consider "the importance of the issue at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C)(i)-(iii) authorizes a court to limit otherwise permissible discovery where, among other things, the discovery sought is "unreasonably cumulative," the party seeking the discovery has had "ample opportunity" to obtain the information sought, or "the burden or expense of the proposed discovery outweighs its likely benefit."

Decisions regarding proportionality are squarely within a trial court's discretion; a court must consider a wide range of factors and make common sense decisions about whether or not the discovery in question goes too far. Fed. R. Civ. P. 26 Advisory Committee's Note (2015). "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." *Id; see N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47-48 (E.D.N.Y. 2018), *John Wiley & Sons, Inc. v. Book Dog Books,*

*LLC*, 298 F.R.D. 184, 186 (S.D.N.Y 2014). Once a party requesting discovery has satisfied this threshold burden, the party resisting discovery must show specific facts demonstrating that the discovery is irrelevant or disproportional under Fed. R. Civ. P. 26(b)(1). *See McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. 55, 56-57 (D. Conn. 2010). Formulaic "boilerplate" language in a discovery objection on proportionality grounds cannot overcome the broad scope of discovery under Rule 26. Fed. R. Civ. P. 26 Advisory Committee's Note (2015). *See also Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) (Grimm, M.J.) ("[B]oilierplate objections that a request for discovery is 'over[broad] and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts." (record cite omitted)).

Plaintiffs have sufficiently shown that their Requests for all communications between these parties are relevant and proportional to this case. Plaintiffs allege that Defendants became involved in the lives of Jenkins, Isabella, and Lisa Miller in order to undermine Jenkins' parental relationship with her daughter; they further allege that Defendants exhibited a pattern of this involvement culminating in Isabella's

6

kidnapping. ECF 380 at 2 – 3. This is a core factual claim in Plaintiffs' aiding and abetting case. Without information regarding the nature of Defendants' interactions with Lisa Miller and Isabella, including correspondence and communication both with them and about them, the parties cannot endeavor to dispute their alleged involvement in a kidnapping. In order to demonstrate the nature of Defendants' relationship with Lisa Miller and Isabella, Plaintiffs require a record of Defendants' about these parties, as well as with Isabella Miller-Jenkins.

In light of this necessity, there is little reason to conclude that Plaintiffs make this Request in a bad faith effort to overwhelm the Defendants. Moreover, Plaintiffs do not have any other method of accessing these documents, which constitute the Defendants' personal correspondence and records, without discovery. Defendants have raised no objection questioning the substantive connection between these correspondences and the case, nor do they aver that they would be unable to carry out these searches despite their demanding nature. These facts weigh the Court's analysis in favor of allowing discovery.

However, Plaintiffs' Requests for "all documents" concerning Jenkins, Lisa Miller, or Isabella Miller-Jenkins is overbroad. A request to produce all documents "concerning" these parties would inevitably manifest a hefty sum of materials, many

7

of which would likely be irrelevant to any issues in the case. Moreover, Plaintiffs have not provided an explanation of why they require such a broad delineation of materials, suggesting the likely creation of an undue burden on Defendants.

Thus, Plaintiff's motion on Requests 4-7 is granted in part as to all "communications" concerning Jenkins, Isabella Miller-Jenkins, and Lisa Miller, as well as all communications with Isabella Miller-Jenkins. Plaintiff's motion on Requests 4-7 is denied as to all documents concerning these parties.

## II.  Requests 8, 11, 12, 17-19, 35, 36, 47, and 48

Plaintiffs allege that Defendants' initial responses to this group of Requests constituted an "unreasonably limited inquiry," excluding all circumstantial evidence in the carrying out of the search. Plaintiffs motion to compel on these Requests is granted.

1.) <u>Request 8</u>

This Request seeks all communications between Defendants and Lisa Miller. Defendants object to this Request on grounds that it is "vague, overbroad, and unduly burdensome," and that it seeks information protected by attorney – client and work-product privileges. ECF 361-4 at 5. Defendants also responded that they have "had no communications with Lisa Miller since September 12, 2009, and therefore [have] no responsive documents

in [their] custody, possession or control after that date." *Id*. Defendants further state that they have "had no communications with Lisa Miller regarding her disappearance in 2009 or her whereabouts since 2009." *Id.* Plaintiffs counter this view, averring that Defendants' search, which was limited to communications with Lisa Miller 1.) on or after September 12, 2009, 2.) "regarding her disappearance in 2009", and 3.) "regarding her whereabouts since 2009", is not responsive to the full scope of discovery delineated under Rule 26.

Plaintiffs motion to compel regarding this Request is granted. Plaintiffs seek this information for the important purpose of supporting allegations that Defendants communicated with Lisa Miller regarding the conspiracy to kidnap Isabella, and to demonstrate the nature and evolution of their relationship. ECF 380 at 3. This is a key factual inquiry in this case, which cannot be supported without the use of non-public information procured through the discovery process. Furthermore, Defendants have not articulated specific facts demonstrating that the information request here is irrelevant or disproportional to the evidentiary needs of this case. ECF 374. The mere onerous nature of complying with a discovery request does not automatically render it unduly burdensome without a specific factual showing that these burdens are not proportional to the inquiry.

Defendants raise the additional objection that some of this discovery is protected by work-product and attorney-client privilege. This may very well be so; however, both the work-product and attorney – client privileges require the asserting party to establish that the privilege specifically applies to the communications in question before it can prevent discovery. *United States v. Meija,* 655 F.3d 126, 132 (2d Cir. 2011); *In re Grand Jury Subpoena Dated July 6, 2005,* 510 F.3d 180, 183 (2d Cir. 2007). Blanket assertions of either privilege do not suffice to invoke the privilege's protection. *See Koumoulis v. Indep. Fin. Mktg. Group, Inc.*, 295 F.R.D. 28, 38-39 (E.D.N.Y. 2013); *Walker v. N.H. Admin. Office of the Courts*, 2013 WL 672584 (D.N.H. 2013). Moreover, "any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege." *Koumoulis*, 295 F.R.D. 28 (E.D.N.Y. 2013); *In re Grand Jury Subpoena*, 510 F.3d 180, 183 (2d Cir. 2007).

Defendants have not provided specific arguments that certain communications within this category are privileged. They have only invoked a blanket protection, which does not suffice to prevent discovery. For these reasons, Plaintiffs' motion on Request 8 is granted.

2.) <u>Request 11 - 12</u>

Request 11 seeks all communications between Defendants and zeusdesfor@aol.com, an email address used by Lisa Miller, "concerning the Dispute; Defendant Lisa Miller's whereabouts from September 20, 2009, to date; Plaintiff Isabella Miller-Jenkins' whereabouts from September 20, 2009, to date; the Beachy Amish Mennonites; or Nicaragua." ECF 361 at 6-7. Request 12 seeks communications on the same subject from childofgod1@live.com, another address used by Lisa Miller. ECF 361 at 7-8. Defendants aver that these Requests are overbroad, unduly burdensome, and not proportional to the needs of the litigation; they also invoke a blanket work-product and attorney-client privilege to prevent discovery.

For similar reasons to those mentioned in this Court's discussion of Request 8, Plaintiffs appear to have made a compelling showing that a Rule 26 proportionality analysis should allow for discovery. Again, Plaintiffs seek this information to support their allegations that Defendants communicated with Lisa Miller regarding the conspiracy to kidnap Isabella. This is a crucial inquiry into the central aiding and abetting charge, which requires consultation with private information only available through discovery. Defendants have not articulated specific facts demonstrating that the information request here is irrelevant or disproportional to the evidentiary needs of this case, nor have they made a showing

that covered communications are privileged. Hence, Plaintiffs' motion on these Requests is granted.

   3.) <u>Requests 17 – 19</u>

Requests 17-18 seek all documents and communications concerning the child custody dispute between Plaintiff Janet Jenkins and Defendant Lisa Miller concerning Isabella Miller-Jenkins (hereafter "Dispute"), as well as the Court Orders involved in that Dispute. ECF 361 at 11. Request 19 seeks all communications on November 20, 2009, the day on which the Rutland Family Court transferred custody of Isabella to Jenkins. ECF 361 at 11. Defendants object that these Requests are "overbroad, unduly burdensome, vague, not proportionate to the needs of the litigation, and impracticable." ECF 361-3 at 9-10. The parties did not reach a resolution regarding how to move forward during their conferences on February 11, 2019 and April 12, 2019. ECF 361 at 5.

   Plaintiffs have met their burden of explaining "the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26 Advisory Committee's Note (2015). Indeed, Plaintiffs allege that Defendants aided and abetted the kidnapping of Isabella as a response to the Dispute's outcome of granting Jenkins custody. Defendants' non-public records and communications regarding the Dispute could go

to show their state of mind vis-à-vis the custody battle and outcome, which is potentially important evidence in this case. Additionally, Plaintiffs seek information regarding Defendants' whereabouts on November 20, 2009 to establish Ms. Lindevalsen's whereabouts on this day, which could also similarly go to show Defendants' state of mind. Hence, the information requested here is highly relevant and important to the case, and only procurable through discovery. Defendants have not made a showing that this information is irrelevant or disproportionate to the evidentiary needs of this case. ECF 374. While Defendants invoke blanket work-product and attorney-client privilege, they have not established that the privilege specifically applies to this information. Hence, these factors weigh in favor of granting Plaintiffs' motion on this Request.

Requests 35-36 and 47-48

Request 35 seeks all communications from the days surrounding Isabella's kidnapping (September 20-22, 2009). ECF 361 at 11. Request 36 seeks "all documents and communications concerning events that happened, or were planned or expected to happen" on those days. *Id.* Requests 47 and 48 makes the same requests, respectively, regarding the week of November 8 through November 13, 2009. *Id*. Plaintiffs have clarified that these Requests refer only to events in which Lindevaldsen, Liberty Counsel, or any other co-conspirator was involved or attended.

13

Defendants object that this Request is overbroad, unduly burdensome, and seeks privileged information. ECF 361-5 at 3-4.

Here, too, Plaintiffs have met their burden of explaining the utility of the requested information to this case. Indeed, these Requests seek to establish Defendants' whereabouts, communications, and activities, on and around the dates centrally at issue in this case. This information, only available through discovery, is of paramount importance to establishing a full factual record of what occurred in the days surrounding Isabella Miller-Jenkins' disappearance. While Defendants' have made a boilerplate objection that this Request is vague, overbroad, and unduly burdensome, they have not provided the necessary specific facts to demonstrate that this discovery would be irrelevant or disproportional to this case under Fed. R. Civ. P. 26(b)(1). ECF 374. Similarly, Defendants have not provided the specific attestations of work-product and attorney-client privilege protection that are required to invoke their protection. In light of these factors, this Court grants Plaintiffs' motion to compel discovery on this Request.

I. **Requests 64-69**

Requests 64-69 seek all documents and communications concerning Defendants' policies or positions about same-sex marriage, civil unions, or relationships; whether homosexual

persons should have custody of or visitation with children; the relative supremacy of secular law over religion, morality, ethics, or conscience, or vice versa; compliance with the Court Orders; and whether Janet Jenkins should have custody of or visitation with Isabella Miller-Jenkins. ECF 361 at 13. Defendants object that these Requests are overbroad, vague, irrelevant, not likely to lead to discovery of admissible evidence, not proportional to the needs of the litigation, unduly burdensome, and impracticable. ECF 361-3 at 22-23. Defendants also object to these Requests on First Amendment grounds. *Id.*

Plaintiffs' have explained the utility of these discovery requests to this litigation. As they contend, these Requests seek information relevant to the animus element of Plaintiffs' § 1985(3) claim, and make it more or less likely that Defendants participated in the conspiracy. Defendants object to this claim, arguing that an opposition to same-sex marriage does not necessarily translate to animus against LGBT people. While the question of whether Defendants' actions specifically demonstrate animus is a question on the merits of this case, this Court has already ruled that opposition to same-sex marriage can be a component of animus against gays and lesbians in light of the historically discriminatory function of their exclusion from legal protections. ECF 277 at 52-53. Hence, for the purposes of

discovery, information regarding Defendants' attitudes toward legal protections for LGBT people are sufficiently relevant to showing potential state of mind that this information may properly be subject to discovery.

Secondly, Defendants objection to this discovery request on the basis of the First Amendment is without merit. The First Amendment protects against compelled disclosures of advocacy and associational interests during discovery where such disclosures would jeopardize a party's freedom of association. *NAACP v. Alabama*, 357 U.S. 449, 462 (1958). The Supreme Court has previously upheld such a privilege where the withholding party "made a prima facie showing that disclosure would infringe its First Amendment rights." For example, in *NAACP v. Alabama*, the NAACP made an "uncontroverted showing that on past occasions" disclosure of members' identities "exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility." *N. Y. State Nat'l Organization for Women v. Terry*, 886 F.2d 1339, 1355 (2d Cir. 1989) (quoting *NAACP v. Alabama*, 357 U.S. 449, 462 (1958)). While "a party resisting discovery need not make a showing of harm or other coercion," . . . "defendants must at least articulate some resulting encroachment on their liberties." *Terry*, 886 F.2d at 1355. For instance, in *Terry*, the Second Circuit declined to uphold a First Amendment

16

discovery privilege where the invoking party failed to explain how compliance with the discovery orders would encroach on their First Amendment rights. *Id.*

Defendants contend that Requests 64-69 jeopardize their First Amendment rights by potentially subjecting them to public hostility or harassment that would thereby chill their speech. However, like in *Terry*, Defendants do not provide the Court with any explanation of how these disclosures regarding their views on LGBT politics would cause chilling results, or regarding what consequences these disclosures would lead to that might threaten their freedoms of association. Do Defendants face actual risk of public backlash specifically due to these disclosures, particularly given the Defendants' longstanding and public history of involvement in this matter? If there is such a worry, Defendants do not provide the Court with such guidance.

Rather, Defendants mainly raise concerns regarding the Southern Poverty Law Center's ideological opposition to them, as well as a member's stated intent to "destroy" them, as evidence of chilling effects. ECF 374 at 16. However, the fact that the parties in this case are in vehement ideological opposition in a matter of high public emotion does not necessary mean that this discovery request would pose a threat to Defendants' freedoms to speak and associate freely. Where courts have previously

prevented disclosures on First Amendment grounds, the invoking party has articulated a much more discernable encroachment on their liberties to speak and associate than Defendants have alluded to here. *Terry*, 886 F.2d at 1355. For these reasons, Defendants' First Amendment objection does not stand, and Plaintiffs' motion on these Requests is granted.

## Conclusion

For the aforementioned reasons, Plaintiffs' motion to compel discovery is **granted** in part and **denied** in part.

DATED at Burlington, in the District of Vermont, this 29th day of October, 2019.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
