JANET JENKINS                          :
                                       :
            v.                         :    Case No. 2:12-cr-184
                                       :
KENNETH L. MILLER ET. AL.,             :
                                       :
            Defendants.                :

**OPINION AND ORDER: PLAINTIFFS' MOTIONS TO AMEND THE DISCOVERY SCHEDULE AS TO DEADLINES FOR INTERROGATORIES / REQUESTS TO PRODUCE (ECF 431), PLAINTIFFS' MOTION TO AMEND THE DISCOVERY SCHEDULE AS TO THE NUMBER OF DEPOSITIONS PLAINTIFFS ARE PERMITTED (ECF 432), AND DEFENDANTS' MOTION TO STAY DISCOVERY DEADLINES (ECF 440)**

Plaintiff Janet Jenkins, for herself and as next friend of her daughter Isabella Miller-Jenkins, has brought suit against several individuals and organizations, alleging that they kidnapped and conspired to kidnap Isabella. Plaintiffs assert claims of commission of, and conspiracy to, commit an intentional tort of kidnapping and conspiracy to violate civil rights under 42 U.S.C. § 1985(3).

Plaintiffs have filed a motion to amend the discovery schedule as to deadlines for interrogatories and requests to produce (ECF 431) in order to correct a typographic error in the Court's Final Discovery Schedule/Order (ECF 425). ECF 431. Plaintiffs have also filed a motion to amend the Final Discovery Schedule/Order as to the number of depositions they are

permitted. ECF 432. Finally, Defendants have filed a motion to stay the court's discovery deadlines pending this Court's decision as to Gravel & Shea PC's motion to withdraw as counsel. ECF 435, 449.

For the following reasons, Plaintiffs' motion to clarify the discovery schedule as to deadlines for interrogatories and requests to produce (ECF 431) is **granted**, and Plaintiffs' motion to amend the discovery schedule as to the number of depositions they are permitted ECF 432) is **granted.**

In light of this Court's decision to grant Gravel & Shea PC's motion to withdraw as counsel, giving Defendants 30 days from the date of that order to obtain new counsel, the Court orders Plaintiffs and Defendants to **submit one modified proposed discovery schedule** within 60 days of this Order (by February 6, 2020), which should reflect any proposed changes to the schedule that they deem necessary and agree upon after conferral. As such, Defendants' expedited motion to stay discovery deadlines pending a decision (ECF 440) is **denied** as moot.

<u>**DISCUSSION**</u>

I. <u>Plaintiffs' motion to clarify the discovery schedule as to deadlines for interrogatories and requests to produce (ECF 431) is granted.</u>

First, Plaintiffs have filed a motion to amend the discovery schedule as to deadlines for interrogatories and

requests to produce (ECF 431) in order to correct a typographic error in the Court's Final Discovery Schedule/Order (ECF 425). In paragraph 1 of the November 25 Discovery Schedule/Order, the Court made a typographic error in stating that the deadline to serve all interrogatories and requests for production was "January 20, 2019" instead of "January 20, 2020", which is the correct deadline. Hence, the Court **grants** Plaintiffs' motion to amend the Court's Discovery Schedule/Order (ECF 425) to reflect a corrected deadline of January 20, 2020 to serve all interrogatories and requests for production.

II.  <u>Plaintiffs' motion to amend the discovery schedule as to the number of depositions they are permitted (ECF 432) is granted.</u>

Plaintiffs have also filed a motion to amend the Final Discovery Schedule/Order as to the number of depositions they are permitted. ECF 432. In their motion, Plaintiffs cite an outstanding disagreement between the parties as to whether they are permitted to conduct depositions of each Defendant as well as ten nonparty individuals, or whether they are only permitted a sum total of ten depositions. ECF 432 1-3.

Pursuant to Fed. R. Civ. P. Rule 30(a)(2)(A)(i), "a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2), if the parties

3

have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken" by the plaintiffs or defendants. Fed. R. Civ. P. Rule 30(a)(2)(A)(i). According to Rule 26(b)(1) and (2), parties may obtain discovery of non-privileged matters relevant to any party's claim or defense so long as they are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Plaintiffs have successfully shown that an additional ten nonparty depositions would serve the evidentiary needs of the case. As they argue, this is a complex case involving allegations of a broad conspiracy involving many individuals. ECF 432 at 5. The ten nonparty depositions that Plaintiffs have outlined in their motion are all relevant to central claims in this litigation. ECF 432 at 5-6. Moreover, Plaintiffs are limiting their request for additional depositions to ten nonparty individuals, which is a reasonably contained quantity proportional to the needs of this case. As such, Plaintiffs' motion is **granted.**

III. <u>Plaintiffs and Defendants are ordered to submit a single modified proposed discovery schedule to the Court within 60 days of this Order</u>

Finally, Defendants have filed a motion to stay the court's discovery deadlines pending this Court's decision as to Gravel & Shea PC's motion to withdraw as counsel. ECF 435, 449. More

4

specifically, Defendants ask "that the Court stay all discovery
and deadlines in this matter until after the Court has
considered Gravel & Shea's motion for leave to withdraw, and if
granted, for at least 30 days after the entry of appearance of
replacement counsel." ECF 440 at 3. Defendants make this request
to allow replacement counsel sufficient time to engage in the
ongoing discovery process. ECF 440 at 1-2. Plaintiffs have not
voiced any apparent objection to this request. ECF 440 at 2. On
January 6, 2020, this Court granted Gravel & Shea PC's motion to
withdraw as counsel by text order. ECF 449.

This Court recognizes and appreciates the obstacles posed
by withdrawal of defense counsel to the timely completion of
discovery as set out by the current Schedule/Order. The Court
also recognizes the importance of moving along the discovery
process with a finalized set of deadlines, especially
considering the numerous changes in the discovery schedule that
have occurred thus far in this litigation. In an effort to
minimize further back-and-forth regarding discovery, the Court
orders Defendants and Plaintiffs to **submit one modified proposed
discovery schedule** within 60 days of this Order (by February 7,
2020), which should reflect any proposed changes to the current
discovery deadlines (set out in the Court's Final Discovery
Schedule/Order (ECF 425)) that they deem necessary and agree
upon after conferral. In the event that the parties are not able

to agree on a Final Amended Discovery Schedule/Order within 60 days, this Court will hold a hearing to facilitate final agreement. This Order renders Defendants' expedited motion to stay discovery deadlines pending a decision (ECF 440) moot. Hence, Defendants' motion is **denied**.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' motion to clarify the discovery schedule as to deadlines for interrogatories and requests to produce (ECF 431) is **granted**, Plaintiffs' motion to amend the discovery schedule as to the number of depositions they are permitted (ECF 432) is **granted**, and Defendants' expedited motion to stay discovery deadlines pending a decision (ECF 440) is **denied** as moot. The Court further orders Plaintiffs and Defendants to **submit one modified proposed discovery schedule** within 60 days of this Order (February 7, 2020), which should reflect any proposed changes to the current discovery deadlines.

DATED at Burlington, in the District of Vermont, this 7th day of January, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge