```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT


JANET JENKINS ET. AL.,              :
                                    :
        Plaintiffs                  :
                                    :
        v.                          :    Case No. 2:12-cv-184
                                    :
KENNETH L. MILLER ET. AL.,          :
                                    :
        Defendants.                 :
```

**OPINION AND ORDER: DEFENDANT TIMOHY D. MILLER'S MOTION TO RECONSIDER COURT'S ORDER OF OCTOBER 29, 2019**

(ECF 403)

Plaintiff Janet Jenkins, for herself and as next friend of her daughter Isabella Miller-Jenkins, has brought suit against several individuals and organizations, alleging that they kidnapped and conspired to kidnap Isabella. Plaintiffs assert claims of commission of, and conspiracy to commit, an intentional tort of kidnapping and conspiracy to violate civil rights under 42 U.S.C. § 1985(3).

On October 1, 2018, Defendant Timothy D. Miller filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process. **ECF 337.** On October 29, 2019, the Court denied this motion. **ECF 396.** Defendant Timothy Miller now files this motion for reconsideration of that previous Order.

1

For the reasons set forth below, Defendant's motion for reconsideration is **denied.**

## STANDARD OF REVIEW

The accepted standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Reconsideration may also be granted if the movant demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992)).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc.*, 684 F.3d at 52 (internal citation omitted). The decision whether to grant a motion for reconsideration rests within the "sound discretion of a district court judge." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *see McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

**DISCUSSION**

I.  **The Court has specific personal jurisdiction over Timothy Miller.**

First, Defendant contends that the Court erred in finding that he had contacts with Vermont, the forum state, by virtue of his alleged interference with a Vermont court's custody order. Defendant bases his objection on the fact that Timothy Miller's deposition testimony did not indicate any explicit knowledge that it was a Vermont court that had granted custody to Jenkins. Miller further notes that none of his interventions had any overt connection to Vermont; Plaintiff alleges that he purchased plain tickets from Canada, and Lisa Miller and Isabella had been living in Virginia.

Crucially, however, Defendant has not pointed to any previously disregarded controlling law or new evidence that would necessarily alter the court's conclusion in the previous Order. Indeed, Defendant has already made his arguments to the Court through submitting his Fed. R. Civ. P. 12(b)(1) motion to dismiss, and the Court has already evaluated them in making a finding of minimum contacts sufficient for personal jurisdiction. Defendant established minimal contacts with the forum state by intervening in a Vermont custody determination, even if there is no explicit evidence of specific intent in the record. This is because the determinative factor in establishing

3

minimum contacts is not knowledge, but foreseeability. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). Defendant knew that a court had given custody of Isabella to Jenkins, and he could have reasonably expected to be "haled into court" in the jurisdiction of that court. Defendant has not cited to any intervening law or new evidence to the contrary. As such, Defendant's motion for reconsideration is denied on this issue.

### II. Timothy Miller was properly served through his counsel.

Next, Defendant Miller avers that the Court's conclusion that he had been properly served under Fed. R. Civ. P. 4(f)(3) and Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) was improper. After Plaintiffs were unable to personally serve Defendant in Nicaragua, this Court previously ordered that Plaintiffs could serve process on Defendant by serving his criminal attorney, Jeffrey A. Conrad. **ECF 178, 183.** Plaintiffs hired a process server who hand-delivered a copy of the summons and complaint to Kathy Amaro, the secretary at Conrad's law office in Lancaster, Pennsylvania. Defendant argues that the Court's order was an unlawful expansion of the Pennsylvania Rule, which allegedly "by its plain language applies only to defendants."

The Court's decision to allow Plaintiffs to serve Defendant through Attorney Conrad was proper. Under Fed. R. Civ. P. 4(f),

a defendant who is in a foreign country may be served "by other means not prohibited by international agreement, as the court orders." Defendant's invocation of Fed. R. Civ. P. 4(e) does not apply in this instance because he was out of the country at the time of the service. This Court allowed Plaintiffs to serve Defendant Timothy Miller through Attorney Conrad under its discretionary power under Fed. R. Civ. P. 4(f), which specifically gives courts flexibility in facilitating service where a defendant is outside of the country and therefore difficult to reach. Defendant has not pointed to controlling law or new evidence to the contrary. Thus, Defendant's motion for reconsideration is denied.

## CONCLUSION

For the aforementioned reasons, Defendant Timothy D. Miller's motion for reconsideration is **denied.**

DATED at Burlington, in the District of Vermont, this 21st day of April, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge