```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


JANET JENKINS, ET AL.,            :
                                  :
        Plaintiffs,               :
                                  :
        v.                        :    Case No. 2:12-cv-184
                                  :
KENNETH L. MILLER ET AL.,         :
                                  :
        Defendants.               :
```

**OPINION AND ORDER: PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT TIMOTHY MILLER**

(ECF 473)

Plaintiff Janet Jenkins, for herself and as next friend of her daughter Isabella Miller-Jenkins, has brought suit against several individuals and organizations, alleging that they kidnapped and conspired to kidnap Isabella. Plaintiffs assert claims of commission of, and conspiracy to, commit an intentional tort of kidnapping and conspiracy to violate civil rights under 42 U.S.C. § 1985(3).

On February 26, 2020, Plaintiffs filed a motion to compel discovery from Defendant Timothy Miller (ECF 473), arguing that he had improperly refused to participate in discovery in light of the pending motion for summary judgment and the previously pending motion for reconsideration on his claims. Defendant Timothy Miller avers that he is not obligated to complete

1

discovery while dispositive motions remain pending, and that Plaintiffs' discovery requests are overbroad and unduly burdensome. Finally, Defendant submits that he need not respond to many of Plaintiffs' discovery requests because they implicate his Fifth Amendment right against self-incrimination.

For the following reasons, Plaintiffs' motion to compel discovery from Timothy Miller is **granted** in part and **denied** in part.

### FACTUAL BACKGROUND

Plaintiffs allege that Timothy Miller aided and abetted Defendant Lisa Miller to leave the United Stated in September 2009 and come live in the Beachy Amish Mennonite Community in Nicaragua where Timo served as the pastor of the Church. ECF 238 ¶¶ 38, 65. On October 1, 2018, Miller filed a motion to dismiss for lack of personal jurisdiction and failure to perfect service, ECF 337, which the Court denied on October 30, 2019, ECF 396. Miller then filed a motion for reconsideration on November 8, 2019, ECF 403. The Court denied Miller's motion for reconsideration on April 22, 2020.

Plaintiffs sent Timothy Miller's counsel discovery requests on October 30, 2019 and inquired as to a timeline for production. ECF 473-2 at 16. Defendant did not respond. ECF 473-2 at 15. Counsel conferred by telephone on November 8, 2019; the parties dispute whether Timothy Miller agreed to provide

2

Plaintiffs with discovery during that conversation. ECF 473-4 at 1; ECF 475 at 2. The parties did discuss potential difficulties Mr. Miller might have in accessing criminal discovery, and the possibility that Plaintiffs could gather this information from a Freedom of Information Act (FOIA) request. ECF 473-4 at 1; ECF 475 at 2. On December 2, 2019, in order to move forward with a FOIA request, Plaintiffs' counsel requested that defense counsel confirm whether Timothy Miller's former defense counsel had a copy of his criminal discovery, and that Defendant fill out a form for the FOIA request. Plaintiffs' counsel had previously submitted a FOIA request for the criminal discovery on October 17, 2018, which was denied for lack of express authorization by Defendant. Defense counsel did not respond to Plaintiffs' counsel's email until January 24, 2020. ECF 473-2 at 10.

On January 27, 2020, Plaintiffs and Defendant spoke again by phone. ECF 473-4 at 2. Defendant informed Plaintiffs that he did not believe he had an obligation to engage in discovery in light of his pending motion for reconsideration and Jenkins' pending motion for partial summary judgment on her Vermont claim against him.  ECF 473-4 at 2. He also represented that he would object, based on his Fifth Amendment privilege against compulsory self-incrimination, to producing anything beyond the criminal discovery. ECF 473-4 at 2.  On January 29, 2020, Plaintiffs sent a follow-up letter stating that it was their

3

position that the Defendant is obligated to participate in discovery despite the pending motions pursuant to Local Rule 26(a)(3). *See* ECF 473-3. On February 7, 2020, Defense counsel submitted initial disclosures to Plaintiffs, and maintained that they would wait until the resolution of pending motions before responding to the other discovery requests, ECF 473-2 at 6.

On February 24, 2020, Defense counsel informed Plaintiffs' counsel that Mr. Miller would not sign an authorization for a FOIA request in light of its breadth. ECF 473-2 at 3. On February 25, 2020, Plaintiffs' counsel responded with a proposed narrower authorization, which Defense counsel agreed to. ECF 473-2 at 1-2. Both parties still disputed whether Mr. Miller was required to engage in discovery while his motion for reconsideration and Jenkins' motion for partial summary judgment remained pending before the Court. ECF 473-2 at 1-2.

### **STANDARD OF REVIEW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit." The Supreme Court has broadly construed the scope of discovery "to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on" the claims or defenses, and that is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery is neither limited to the issues raised by the pleadings, nor to the merits of a case. *Oppenheimer*, 431 U.S. at 351.

In determining whether a discovery request is proportional to the disputed issues, Fed. R. Civ. P. 26(b)(1) directs trial courts to consider "the importance of the issue at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 vests the trial judge with broad discretion over making these determinations. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

## DISCUSSION

### I. Defendant Timothy Miller is required to complete discovery despite pending motions.

Defendant Timothy Miller has not yet taken steps to comply with Plaintiffs' requests for discovery, citing a pending motion

5

for reconsideration and a motion for partial summary judgment. Timothy Miller submits that the Court's decision in either of those matters could change Plaintiffs' need for the requested discovery, effectively staying these requests until their resolution. *See* ECF 475 at 7 ("a Court need not grant a party's motion to compel discovery of facts when that very party has filed a motion for summary judgment asserting that there are no facts in dispute and no facts need to be discovered in order to obtain liability."). Plaintiffs now file this motion to compel discovery from Defendant to seek relief.

Plaintiffs prevail on their argument. There is no rule that automatically stays discovery when either a motion for reconsideration of a 12(b) or a motion for summary judgment is pending. "A summary judgment motion filed before the close of the discovery period does not automatically stay discovery." *Mitchell v. N.Y. State Dept. of Correctional Services*, No. 06-CV-6278CJS (W.D.N.Y. Sept. 5 2012). Additionally, Local Rule 26(a)(30) clearly states that "[d]iscovery, including the obligation to file a Discovery Schedule, shall not be stayed during the pendency of a Fed. R. Civ. P. 12(b) or (c) motion." Under Rule 26(a)(30), a motion to reconsider a court's ruling on a Rule 12(b)(6) motion similarly does not trigger an automatic stay of discovery.

Defendant relies on *Hendricks v. Boltja*, 20 Fed. Appx. 34, 36 (2d Cir. 2001), to argue that Plaintiffs' discovery requests are disproportionate to the needs of the case while motions remain outstanding. However, in *Hendricks*, the Second Circuit found only that the district court did not err by granting a summary judgment motion without requiring defendants to furnish previously requested discovery – the Second Circuit did not hold that the district court was required to forgive the discovery, or that a pending motion for summary judgment automatically stays discovery. *Id.* at 37. Here, Timothy Miller never filed a motion to stay discovery in light of pending motions, and the Court never agreed to such a stay. As such, Defendant's obligations to provide Plaintiffs with discovery are neither currently nor previously stayed, and he is obligated to respond.

**II. Defendant must comply with Plaintiffs' discovery requests; Plaintiffs' Requests 37 and 38 are currently overbroad and must be narrowed.**

Next, Defendant Timothy Miller avers that Plaintiffs' discovery requests are unduly burdensome and overbroad, particularly in light of the fact that a motion for partial summary judgment on some of his claims is currently pending. Defendant argues that Plaintiffs' requests which contain language seeking "all documents and communications concerning . . . X" mirror requests to other defendants that the Court has previously found unduly burdensome. *See* ECF 473-1 at 7-8.

7

Specifically, Defendant points to Request 37 (seeking "all documents and communications concerning Nicaragua") and Request 38 (seeking "all documents and communications concerning the Beachy Amish Mennonite Church in Nicaragua") as overbroad in current form.

Firstly, Defendant's manner of raising objections to Plaintiffs' discovery requests is improper under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(2) requires that Defendant make any objections to discovery requests in writing, with specificity as to the grounds, within 30 days. Defendant failed to timely raise any such objections, and he is thus obligated to comply with the requests.

On the merits, the majority of Plaintiffs' discovery requests seek documents and communications related to Defendant's contact with Lisa Miller and Isabella Miller-Jenkins, which are directly relevant to the issues at bar and proportional to the needs of the case. However, Plaintiffs' Requests 37 and 38 are overbroad. A request to produce all documents "concerning" Nicaragua and the Beachy Amish Mennonite Church in Nicaragua would likely yield a large catalogue of results, many of which would be irrelevant to the case. In order to spare Defendant unduly burdensome discovery, the Court orders Plaintiffs to narrow the language of these two requests.

### III. Plaintiffs' discovery requests do not jeopardize Defendant's Fifth Amendment right against self-incrimination.

Finally, Defendant submits that he is not obligated to comply with Plaintiffs' discovery requests because they implicate his Fifth Amendment right against self-incrimination. Specifically, Timothy Miller argues that the requests seeking documents related to his criminal proceedings "could potentially expose him to future criminal charges." ECF 475 at 6.

Once again, Fed. R. Civ. P. 34(b)(2) requires that Defendant make any objections to discovery requests in writing, with specificity as to the grounds, within 30 days. Defendant is not permitted to simply abstain from producing the discovery, as he has done here, and raise a generalized objection in response to a motion to compel discovery.

Furthermore, Defendant's Fifth Amendment objection to providing discovery fails on the merits. While courts typically allow a defendant to assert a right against self-incrimination in civil proceedings where he fears a risk of self-incrimination in a criminal proceeding, *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979), it is not apparent that any such risk exists in the case at bar. Indeed, Defendant has already faced pled guilty to criminal charges of conspiracy to commit international parental kidnapping. ECF 439-14 at 1-2. Defendant has not successfully shown that the discovery which

Plaintiffs seek from a past criminal proceeding would pose any risk of future self-incrimination in light of the case's procedural posture. Plaintiffs' motion to compel discovery is **granted** in part and **denied** in part.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' motion to compel discovery from Timothy Miller (ECF 473) is **granted** in part and **denied** in part. The parties each bear their own costs.

DATED at Burlington, in the District of Vermont, this 31st day of August, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge