UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JANET JENKINS, ET. AL.,            :
                                   :
          Plaintiffs               :
                                   :
     v.                            :     Case No. 2:12-cv-184
                                   :
KENNETH L. MILLER ET. AL.,         :
                                   :
          Defendants.              :

## OPINION AND ORDER: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(ECF 439)

Plaintiff Janet Jenkins, for herself and as next friend of her daughter Isabella Miller-Jenkins, has brought suit against several individuals and organizations, alleging that they kidnapped and conspired to kidnap Isabella. Plaintiffs assert claims of commission of, and conspiracy to commit, an intentional tort of kidnapping and conspiracy to violate civil rights under 42 U.S.C. § 1985(3).

Plaintiffs now move for partial summary judgment on Count 1 of the Revised Second Amended Complaint against Defendants Philip Zodhiates, Kenneth Miller, and Timothy Miller. Plaintiffs argue that they are entitled to summary judgment on Count 1 as to Philip Zodhiates and Timothy Miller based on the civil conspiracy theory due to those Defendants' prior criminal convictions. Plaintiffs also submit that Kenneth Miller is

1

collaterally estopped from relitigating elements 1 and 2 of
Count 1 due to his prior criminal conviction.

For the reasons set forth below, Plaintiffs' motion for
partial summary judgment is **denied** in part as to Defendants
Philip Zodhiates and Timothy Miller and **granted** in part as to
Defendant Kenneth Miller.

## FACTUAL BACKGROUND

This case arises out of the alleged international
kidnapping of Isabella Miller-Jenkins in September 2009 by her
mother, Lisa Miller, in obstruction of the parental rights of
her other mother, Janet Jenkins. Count 1 of the Second Amended
Complaint alleges that Defendants Philip Zodhiates, Kenneth
Miller, and Timothy Miller are responsible for the tort of
intentional interference with parental rights under theories of
civil conspiracy and civil aiding and abetting. **ECF 223 at 12.**

On December 15, 2011, a grand jury charged Kenneth Miller
with aiding and abetting Lisa Miller in the removal of Isabella
Miller-Jenkins from the United States with the intent to
obstruct the lawful exercise of parental rights, in violation of
18 U.S.C. §§ 2, 1204. **ECF 439-8, ECF 439-28 at 1.** The jury found
Kenneth Miller guilty on August 14, 2012, and the Court imposed
a judgment against him on March 4, 2013. **ECF 439-9, ECF 439-10.**
The United States Court of Appeals for the Second Circuit

affirmed the conviction on December 16, 2015. *See United States v. Kenneth L. Miller*, 808 F.3d 607 (2d Cir. 2015).

On April 24, 2015, a grand jury in the United States District Court for the Western District of New York charged Lisa Miller, Philip Zodhiates, and Timothy Miller with conspiracy to remove Isabella Miller-Jenkins from the country to obstruct Jenkins' parental rights in violation of 18 U.S.C. § 371, and with removing and aiding and abetting Isabella's removal in obstruction of Jenkins' parental rights (in violation of 18 U.S.C. §§ 2, 1204). **ECF 439-14.** Timothy Miller pled guilty to the first conspiracy count. **ECF 439-16.** The jury convicted Zodhiates on both counts of the superseding indictment on September 29, 2016, and the court entered judgment against him on March 22, 2017. **ECF 439-21, ECF 439-22.** The Second Circuit affirmed the conviction on August 21, 2018. *See United States v. Zodhiates*, 901 F.3d 137 (2d Cir. 2018).

<u>**STANDARD OF REVIEW**</u>

**I.   Summary Judgment Standard**

To prevail on a motion for summary judgment the movant must show "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the burden of demonstrating the absence of a question of material fact. In making this

determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). If the movant fails to meet his initial burden, the motion will fail even if the opponent does not submit any evidentiary matter to establish a genuine factual issue for trial. *BBS Norwalk One, Inc. v. Raccolta, Inc.,* 117 F.3d 674, 677–78 (2d Cir. 1997).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhauser Co.,* 536 F.3d 140, 145 (2d Cir. 2008). In doing so, the opposing party must come forward with sufficient evidence that would justify a reasonable jury in returning a verdict in its favor. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment must be denied. *Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 9-10 (2d Cir. 1983).

In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d

128, 137 (2d Cir. 2003)). "A party asserting that a fact [ ... ] is genuinely disputed must support the assertion by [ ... ] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

## II.  Collateral Estoppel under Fed. R. Civ. P. 56(a)

A court may grant summary judgment on a claim or defense based on the doctrine of collateral estoppel. *See Levy v. Kosher Overseers Ass'n of America, Inc.*, 104 F.3d 38, 41 (2d Cir. 1997). In order to apply the doctrine of collateral estoppel to bar litigation of an issue,

"(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits."

*Id.*

"The Government bears a higher burden of proof in the criminal than in the civil context and consequently may rely on the collateral estoppel effect of a criminal conviction in a subsequent civil case." *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 43 (2d Cir. 1986). "The criminal defendant is barred from relitigating any issue determined adversely to him in the

criminal proceeding, provided that he had a full and fair
opportunity to litigate the issue." *Id.* at 43. A criminal
conviction by guilty plea may also trigger collateral estoppel
in a subsequent civil proceeding. *United States v. Podell*, 572
F.2d 31, 35 (2d Cir. 1978).

### III. The Tort of Intentional Interference with Parental Rights

Under Vermont law, "a person who abducts or otherwise
compels or induces a minor child to leave a parent who is
legally entitled to her custody, with knowledge that the parent
does not consent," is liable for intentional inference with
parental rights. *Jenkins v. Miller*, 983 F. Supp. 2d, 451-52 (D.
Vt. 2013).

## DISCUSSION

Plaintiffs submit that, in light of Philip Zodhiates' and
Timothy Miller's criminal convictions related to this matter,
there is no genuine dispute as to any material fact as to Count
1 of the Second Amended Complaint. Therefore, Plaintiffs argue
that they are entitled to judgment as a matter of law under Fed.
R. Civ. P. 56(a). Plaintiffs also contend that Zodhiates and
Timothy Miller are collaterally estopped from relitigating these
issues because of their criminal convictions. Defendants
respond, however, that differences in the law of civil and
criminal conspiracy undermine this collateral estoppel argument.

Plaintiffs' motion for partial summary judgment is **denied** as to
these Defendants.

### I.   Civil Conspiracy Claims Against Philip Zodhiates and Timothy Miller

First, Plaintiffs argue that both Philip Zodhiates and
Timothy Miller are collaterally estopped from relitigating the
question of whether they engaged in a conspiracy to interfere
with Jenkins' parental rights. The parties dispute whether
Defendants' criminal convictions for criminal conspiracy
constituted a litigation of issues that are identical to those
arising under Plaintiffs' civil conspiracy claim for collateral
estoppel purposes. The Court finds that they are not.

Under 18 U.S.C. 371, the federal conspiracy statute, a
conspiracy conviction requires proof of three elements: "(1) an
agreement among two or more persons, the object of which is an
offense against the United States; (2) the defendant's knowing
and willful joinder in that conspiracy; and (3) commission of an
overt act in furtherance of the conspiracy by at least one of
the alleged co-conspirators." *U.S. v. Svoboda*, 347 F.3d 471, 476
(2d Cir. 2003). In 2016, Timothy Miller pled guilty to the
criminal charge of conspiracy to commit international parental
kidnapping under this statutory standard. ECF 439-14 at 1-2.

The plea agreement set forth the following elements of the
crime:

      a. That Isabella Miller Jenkins [sic] was previously
in the United States;

      b. that the defendant agreed with others including
Lisa Miller and Ken Miller to assist the taking of
Isabella Miller Jenkins [sic] from the United States
and retaining the child outside the United States;
and

      c. that defendant acted with the intent to obstruct
the lawful exercise of parental rights of Janet
Jenkins.

ECF 439-16 at 2.

      Under Vermont law, "the crime of conspiracy consists in a combination of two or more persons to effect an illegal purpose, either by legal or illegal means, or to effect a legal purpose by illegal means. For a civil action, the plaintiff must be damaged by something done in furtherance of the agreement, and the thing done must be something unlawful in itself. There can be no recovery unless illegal means were employed." *Jenkins v. Miller*, No. 2:12-cv-184, 2017 WL 4402431, at 10 (D. Vt. Sept. 29, 2017) (quoting *Akerley v. N. Country Stone, Inc.*, 620 F. Supp. 2d 591, 600 (D. Vt. 2009)). The unlawful act need not be committed by each conspirator; so long as one conspirator causes the plaintiff damage by committing an unlawful act to further the conspiracy, all conspirators may be held liable for civil conspiracy. *See F.R. Patch Mfg. Co. v. Prot. Lodge, No. 213, Int'l Ass'n of Machinists*, 60 A. 74, 80 (Vt. 1905).

      Plaintiffs argue that collateral estoppel applies in this case because Timothy Miller's guilty plea necessarily fulfills

8

the elements of civil conspiracy under Vermont law. According to
this argument, Timothy Miller's plea admission of having
assisted Lisa Miller in removing Isabella from the country
constitutes an illegal action with the illegal purpose of
obstructing Jenkins's parental rights. Defendants counter,
however, that the plea agreement only implicates an illegal
purpose (i.e. removing Isabella from the U.S. with the purpose
of obstructing Jenkins' parental rights), as Timothy Miller's
overt actions were not inherently illegal in and of themselves.
In other words, Defendants argue that the plea agreement bears
no indication that Timothy Miller (or another individual)
engaged in an illegal act *separate* from the illegal purpose.

Defendants prevail on their argument. For the purposes of
summary judgment, a guilty plea to a crime may only trigger
collateral estoppel in a subsequent civil action where identical
issues have been previously resolved. Vermont law is clear that
civil conspiracy differs from criminal conspiracy in its
requirement of both an illegal purpose and an illegal act to
establish liability. *Boutwell v. Marr*, 42 A. 607, 609 (Vt.
1899). While Timothy Miller's guilty plea establishes his guilt
in agreeing and collaborating with others to take Isabella
Miller-Jenkins out of the country with intent to obstruct
Jenkins' parental rights, it does not explicitly delineate a
separate illegal act to trigger collateral estoppel on the civil

claim in the case at bar. While Timothy Miller's co-conspirators may very well have engaged in an additional illegal act required to show civil conspiracy, the 2016 guilty plea falls short of establishing this as fact for the Court, leaving it a matter for further litigation.

This same reasoning applies to the Plaintiffs' civil conspiracy claim against Philip Zodhiates. After a seven-day jury trial in 2017, a jury convicted Zodhiates of conspiracy to commit international parental kidnapping under 18 U.S.C. 371. The court's jury charge delineated the elements of conspiracy as follows:

> First, that two or more persons entered into an unlawful agreement to remove a child from the United States and to retain that child, who had been in the United States, outside the United States with an intent to obstruct the lawful exercise of parental rights.

> Second, that the defendant knowingly and willfully became a member of the conspiracy.

> Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment.

> And fourth, that the overt acts which you find have been committed were committed in furtherance of some object of the conspiracy.

ECF 439-20 at 51.

Once again, Plaintiffs argue that the doctrine of collateral estoppel applies because Zodhiates was convicted of conspiracy under federal criminal law, establishing that he entered an agreement to enact the criminal purpose of removing

Isabella from the country with the illegal purpose of
obstructing Jenkins's parental rights. However, Zodhiates' jury
charge and conviction do not clearly elaborate an illegal act in
addition to an illegal purpose. As such, for the purpose of
collateral estoppel as to Plaintiffs' civil conspiracy claim,
Zodhiates' past conviction did not litigate an identical issue,
and the claim must be adjudicated further. Plaintiffs' motion
for partial summary judgment on this issue is **denied.**

## II.  Aiding and Abetting Claims Against Kenneth Miller

Next, Plaintiffs submit that Kenneth Miller is collaterally
estopped from challenging the first two elements of their claim
that he aided and abetted in the intentional interference with
Jenkins' parental rights due to his prior conviction for aiding
and abetting international parental kidnapping. Plaintiffs
prevail on their argument.

In 2012, Kenneth Miller was charged with aiding and
abetting the crime of international kidnapping under 18 U.S.C. §
1204(a). ECF 439-8 at 1-2. Under the statute, "whoever removes a
child from the United States, or attempts to do so, or retains a
child (who has been in the United States) outside the United
States with intent to obstruct the lawful exercise of parental
rights shall be fined under this title or imprisoned not more
than 3 years, or both." 18 U.S.C. § 1204(a). The jury convicted
Kenneth Miller based on the following jury charge:

In order to prove Kenneth Miller guilty of aiding and abetting international parental kidnapping, the government must prove beyond a reasonable doubt:
First, that the child was in the United States;
Second, that Lisa Miller took the child from the United States to another country;
Third, that Lisa Miller acted with the intent to obstruct the lawful exercise of parental rights of Janet Jenkins;
and Fourth, that Kenneth Miller aided and abetted Lisa Miller in committing this crime.

ECF 439-8 at 14.

The jury charge further instructed that, "in order to aid or abet another to commit a crime, it is necessary that a defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed . . .  To establish that Kenneth Miller knowingly associated himself with the crime of international parental kidnapping, the government must establish that he intended to obstruct the lawful exercise of parental rights . . . The government must prove beyond a reasonable doubt that Kenneth Miller had knowledge of the facts that constitute the offense, i.e., that Janet Jenkins had parental rights—specifically visitation rights—and that Lisa Miller intended to obstruct the lawful exercise of those rights by removing the child from the country." *Id.* at 16-17.

Under Vermont law, "a person who abducts or otherwise compels or induces a minor child to leave a parent who is legally entitled to her custody, with knowledge that the parent

12

does not consent," is liable for intentional inference with
parental rights. *Jenkins v. Miller*, 983 F. Supp. 2d, 451-52 (D.
Vt. 2013). **Furthermore, a** person is subject to liability for
harm to a third person from the tortious conduct of another if
the person:

> (a) does a tortious act in concert with the other or
> pursuant to a common design with [the other person], or
> (b) knows that the other's conduct constitutes a breach of
> duty and gives substantial assistance or encouragement to
> the other so to conduct [himself or herself], or
> (c) gives substantial assistance to the other in
> accomplishing a tortious result and [the person's] own
> conduct, separately considered, constitutes a breach of
> duty to the third person.

*Concord Gen. Mut. Ins. Co. v. Gritman*, 146 A.3d 882, 887 (Vt.
2016) (quoting Restatement (Second) of Torts § 876(b)).

In order for Plaintiffs to prevail on their aiding and
abetting of obstruction of parental rights, they must show by a
preponderance of evidence that: (1) another person committed the
tort of intentional interference with parental rights; (2) that
Kenneth Miller knew that the intentional interference
constituted a breach of duty; and (3) that Kenneth Miller
substantially assisted or encouraged the person who committed
that tort.

Kenneth Miller's criminal conviction establishes each of
these elements by a preponderance of the evidence. First, the
convicting jury found beyond a reasonable doubt that Lisa Miller
removed Isabella from the United States with the intent to

obstruct Jenkins' parental rights, which necessarily establishes that Lisa Miler committed the tort of intentional interference with parental rights. Second, the convicting jury necessarily found that Kenneth Miller knew that the intentional interference constituted a breach of duty when they decided that his actions amounted to aiding and abetting. Hence, these two elements of Plaintiffs' claim have been previously litigated in full during Kenneth Miller's criminal trial, and Defendant is collaterally estopped from relitigating them. Plaintiffs' motion for partial summary judgment as to Elements 1 and 2 of her aiding and abetting claim against Kenneth Miller is therefore **granted.**

<u>**CONCLUSION**</u>

For the aforementioned reasons, Plaintiffs' motion for partial summary judgment is **denied** in part as to Defendants Philip Zodhiates and Timothy Miller and **granted** in part as to Defendant Kenneth Miller.

DATED at Burlington, in the District of Vermont, this 31st day of August, 2020.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
District Court Judge

14