```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


JANET JENKINS, ET AL.,              :
                                    :
       Plaintiffs,                  :
                                    :
       v.                           :    Case No. 2:12-cv-184
                                    :
KENNETH L. MILLER ET AL.,           :
                                    :
       Defendants.                  :
```

**OPINION AND ORDER: DEFENDANTS' MOTION FOR PARTIAL SUMMARY
              JUDGMENT AND MOTION FOR SANCTIONS**
                      (ECF 495, 512)

Plaintiff Janet Jenkins, for herself and as next friend of her daughter Isabella Miller-Jenkins, has brought suit against several individuals and organizations, alleging that they kidnapped and conspired to kidnap Isabella. Plaintiffs assert claims of commission of, and conspiracy to commit, an intentional tort of kidnapping and conspiracy to violate civil rights under 42 U.S.C. § 1985(3).

Defendants Liberty Counsel and Rena Lindevaldsen now file this motion for partial summary judgment as to all claims Plaintiff Janet Jenkins brings as a next friend of Isabella Miller-Jenkins, on account of the fact that Isabella reached the age of majority on April 16, 2020. Liberty Counsel and Lindevaldsen have also filed a motion for sanctions against Jenkins for her continued maintenance of these next friend claims.

1

For the reasons set forth below, Defendants' motion for partial summary judgment on this issue is **denied**, and Defendants' motion for sanctions is **denied**.

## FACTUAL BACKGROUND

This case arises out of the alleged international kidnapping of Isabella Miller-Jenkins in September 2009 by her mother, Lisa Miller, in obstruction of the parental rights of her other mother, Janet Jenkins. Defendants Zodhiates, Kenneth Miller, and Timothy Miller have been criminally convicted for conspiring to commit, or aiding and abetting, the international parental kidnapping. **ECF 439-9; ECF 439-16; ECF 439-21**. Among the many claims Jenkins brings in this lawsuit, she brings claims of conspiracy and aiding and abetting under Vermont law, as well as of conspiracy to violate civil rights under federal law, as a next friend of Isabella.

Isabella was born on April 16, 2002. **ECF 494-1**. On April 16, 2020, Isabella reached the statutory age of majority under Vermont law. *Cavallari v. Martin*, 169 Vt. 210, 213 (1999). That day, the Liberty Counsel Defendants and Lindevaldsen promptly filed a motion for partial summary judgment on all claims Jenkins brought as next friend of Isabella. These Defendants also brought a Rule 11 motion against Jenkins and her counsel for her continued maintenance of the claims.

Isabella is still missing; the federal government's efforts to locate her are ongoing. **See Lisa Miller Docket Report 4, Ex. 1.** Her last known location was in Jinotega, Nicaragua, where she was taken on April 27, 2010. **Dep. Tr. 55, ECF 470-1.**

## STANDARD OF REVIEW

### I. Summary Judgment Standard

To prevail on a motion for summary judgment the movant must show "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). If the movant fails to meet her initial burden, the motion will fail even if the opponent does not submit any evidentiary matter to establish a genuine factual issue for trial. *BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 677-78 (2d Cir. 1997).

If the movant meets her burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhauser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). In doing so, the opposing party must come forward

with sufficient evidence that would justify a reasonable jury in returning a verdict in its favor. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment must be denied. *Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 9-10 (2d Cir. 1983).

In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). "A party asserting that a fact [ . . . ] is genuinely disputed must support the assertion by [ . . . ] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

## II.  Motion for Sanctions

Rule 11 of the Federal Rules of Civil Procedure provides the following:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or

4

later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Second Circuit has offered guidance that Rule 11 sanctions should be "made with restraint." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir. 1999). The decision whether to impose sanctions is a matter for the Court's discretion. *Perez v. Posse Comitatus,* 373 F.3d 321, 325 (2d Cir. 2004).

## DISCUSSION

I.  **Defendants' Motion for Partial Summary Judgment**

Defendants Liberty Counsel and Lindevaldsen claim that they are entitled to judgment as a matter of law because Jenkins' next friend authority and standing to sue on behalf of Isabella expired on April 16, 2020. Jenkins counters that she may proceed

as Isabella's next friend under *Whitmore v. Arkansas*, 495 U.S. 149 (1990), Rule 17(c)(2) of the Federal Rules of Civil Procedure, and the Court's broad equitable powers. Defendants' motion for partial summary judgment is **denied**.

As a general matter under Vermont law, a plaintiff's capacity to bring next friend claims on behalf of a minor expire when said minor reaches the age of majority. *See Schuppin v. Unification Church*, 435 F. Supp. 603, 605 (D. Vt. 1977). Because Isabella clearly reached the age of majority on April 16, 2020, Jenkins no longer has standing to bring next friend claims based on Isabella's status as a minor.

However, Jenkins may still bring next friend claims on behalf of Isabella because she has shown that Isabella lacks access to the U.S. courts under *Whitmore v. Arkansas*. 495 U.S. 149 (1990). In *Whitmore*, the Supreme Court put forth a two-prong test to determine whether a party has standing to bring a next friend claim on behalf of another individual. Under this test, the putative next friend must first show that there is "an adequate explanation — such as inaccessibility, mental incompetence, or other disability" to explain "why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.*

6

Jenkins argues that the courts are inaccessible to Isabella because, based on the circumstances surrounding her disappearance in 2009 and the federal government's continued inability to locate her, Isabella is demonstrably being held captive outside of the United States, and thus lacks the practical and financial ability to access American courts. Defendants counter, however, that Jenkins has not sufficiently established that Isabella – now a legal adult – is actually being held against her will or otherwise facing serious barriers to accessing the U.S. court system. Based on the evidence in the record, however, Jenkins prevails in her argument.

Record evidence in this case clearly establishes that, in 2009, Isabella was removed from the country to Nicaragua by Lisa Miller; Zodhiates, Kenneth Miller, and Timothy Miller have been criminally convicted for conspiring to commit, or aiding and abetting, international parental kidnapping based on these events. **ECF 439-9; ECF 439-16; ECF 439-21**. Efforts to locate Isabella by the federal government, law enforcement, and Jenkins over the course of many years have yielded no results, providing strong evidence that, at least up until now, Isabella's kidnapping has been ongoing.

As a district court held in *Ali Jaber v. United States*, individuals may be found to lack access to U.S. courts based on a holistic showing of barriers in the record, even if none of

7

these obstacles would categorically prevent the individual from making a court appearance. 155 F. Supp. 3d 70 (D.D.C. 2016). Specifically, the *Ali Jaber* court held that the estates of individual civilians killed in Yemen did not have access to the American judicial system due to an ongoing civil war, financial hardship, and infrastructure limitations which made it impossible for them to travel or to communicate with American courts. *Id.* at 76-77. Here, too, record evidence of Isabella's longstanding status as a victim of kidnapping shows that she faces significant obstacles to appearing in American court, including her location overseas, financial barriers, her age, and her history of captivity.

Moreover, the facts of this case are distinguishable from *Al-Aulaqi v. United States*, in which a district court held that a citizen enemy combatant abroad had access to the U.S. courts despite the risk of arrest and detainment he would face if he made a court appearance. 727 F. Supp. 2d 1 (D.D.C. 2010). As the District Court for the District of Columbia noted, Al-Aulaqi's main barrier to appearing in the American court system was his enemy combatant status, a functionally distinct and far more abstract obstacle compared to Isabella's status as a kidnapped missing person. *Id.* at 19 ("Al-Aulaqi is not in U.S. custody, nor is he being held incommunicado against his will."). Unlike Isabella, who is known to be only eighteen years old with a

history of captivity abroad, Al-Aulaqi's only barrier to appearing in the judicial system was his fear of arrest – a fear which the court held insufficient to proving that the courts were inaccessible to him. A kidnapped missing person, however, faces much more serious obstacles to representing her interests in U.S. courts in light of her inability to control her own movement.

While Defendants again raise the argument that Jenkins has not expressly proven that Isabella is presently being held against her will, the evidence before the court establishes that Isabella was a captive in Nicaragua at the time of her last known whereabouts. In the absence of any other new evidence, this Court cannot assume that Isabella's kidnapping has ended simply because she has reached the age of majority. As such, the Court finds that Isabella lacks access to the American court system for the purposes of next friend jurisdiction.

Additionally, Jenkins' argument successfully meets the requirements of *Whitmore*'s second prong, in large part due to her significant relationship with Isabella. *See Whitmore*, 495 U.S. at 163. Jenkins is Isabella's parent. She has had sole legal custody of Isabella for many years, and has demonstrated her commitment to her daughter through continuous attempts to make contact and renew a relationship with her, as well her pursuit of this litigation.

Many courts have held in other cases that an individual may not assert next friend standing where there is no evidence of the real party's intention or desire to bring a lawsuit. *See Al-Aulaqi*, 727 F. Supp. 2d at 20; *Idris v. Obama*, 667 F. Supp. 2d 25, 29 (D.D.C. 2009); *Fenstermaker v. Bush*, No. 05 Civ. 7468 (RMB), 2007 WL 1705068, *6 (S.D.N.Y. June 12, 2007). Moreover, Defendants correctly observe that Jenkins has not had contact with Isabella for over a decade, nor has she had any way of confirming Isabella's wishes or interests in pursuing her own claims in this litigation. However, unlike in the cases cited to by Defendants, Jenkins has not had the opportunity to investigate Isabella's wishes due to the *very harm at the heart of this case – her kidnapping.* Indeed, as a kidnapped missing person, Isabella has not been capable of articulating her interests or wishes at all, regardless of their content.

In light of these specific and highly unusual circumstances, it would defy reason for the Court to render a lack of Isabella's stated intent to bring a claim dispositive. Looking to the totality of the factors articulated in *Whitmore*, the Court finds that Jenkins' significant relationship with Isabella, along with her longstanding involvement in this litigation, establish that she represents Isabella's best interests for the purposes of this litigation. As such, Jenkins has next friend standing to bring claims on behalf of Isabella,

and Defendants' motion for partial summary judgment is **denied.** The Court need not address Jenkins' argument under Fed. R. Civ. P. 17(c)(2).

## II. Defendants' Motion for Sanctions

Finally, Defendants submit that the Court should sanction Jenkins under Rule 11 for "pressing claims that she had no standing to maintain." This argument lacks merit, as Jenkins' next friend claims were not frivolous and had some chance of success. Defendants' motion for sanctions is **denied.**

## CONCLUSION

For the aforementioned reasons, Defendants' motion for partial summary judgment (ECF 495) on this issue is **denied**, and Defendants' motion for sanctions (ECF 512) is **denied.**

DATED at Burlington, in the District of Vermont, this 31st day of August, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge