UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JANET JENKINS, for herself and as next friend of ISABELLA MILLER-JENKINS, A/K/A ISABELLA MILLER,
       Plaintiffs

v.               Civil No. 2:12-cv-184-wks

KENNETH L. MILLER, LISA ANN MILLER, F/K/A LISA MILLER-JENKINS, TIMOTHY D. MILLER, RESPONSE UNLIMITED, INC., for itself and as an agent of LIBERTY COUNSEL, LLC, PHILIP ZODHIATES, individually and as agent for RESPONSE UNLIMITED, INC., VICTORIA HYDEN, f/k/a VICTORIA ZODHIATES, individually and as agent for both RESPONSE UNLIMITED, INC., LINDA M. WALL, MATHEW D. STAVER, individually and as agent for LIBERTY COUNSEL, LLC, RENA M. LINDEVALDSEN, individually and as agent for LIBERTY COUNSEL, LLC, and LIBERTY COUNSEL, LLC,
       Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT TIMOTHY D. MILLER'S
## MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

1. The plaintiffs' claims in this case were brought on behalf of Janet Jenkins and Isabella Miller Jenkins a/k/a Isabella Miller. [hereinafter "Isabella"] See Doc. 223 (Revised Second Amended Complaint).

2. Isabella reached the age of majority on April 16, 2020.  See Doc. 556, p. 2.

1

3. As recently as January 14, 2021, Plaintiffs' Counsel filed pleadings in this court asserting that they continue to represent Isabella in this case. See Doc. 632.2 (Declaration of Diego A. Soto stating "I am a Staff Attorney at the Southern Poverty Law Center and represent Plaintiffs Janet Jenkins and Isabella Miller-Jenkins in this case.")

4. On January 25, 2021, Isabella signed an affidavit stating that "All those lawyers who purport to represent me and my wishes are acting contrary to my wishes and desires and in a way to further a cause that is the exact opposite of what my desire and wishes as their client in fact are." See Affidavit of Isabella Miller, ¶ 15 at Exhibit A.

5. On January 26, 2021, Isabella signed a second affidavit clarifying that, with the exception of Vince Heuser, she was terminating "all attorneys, including but not limited to Sarah Starr, Scott McCoy, Tyler Clemons, Diego A. Soto, Frank H. Langrock, Jessica L Stone, Maya G. Rajaratnam and any attorneys working with them, discharged and withdrawn as my attorney and I further object to their representing any other person in this matter." Second Affidavit of Isabella Miller, ¶ 3 at Exhibit B.

6. Although Isabella requested that her attorneys not represent any other person in this matter, her attorneys have filed pleadings with this court purportedly solely on behalf of Janet Jenkins. See Doc. 635 filed on January 30, 2021.

7. Pursuant to Vermont Rule of Professional Conduct 1.9 (a),

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

8. Therefore, Plaintiffs' Counsel can only continue representing Janet Jenkins if either Janet and Isabella's interests are not adverse or if Isabella "gives informed consent, confirmed in writing."[1]

9. Isabella's January 25, 2021 Affidavit establishes that Isabella and Janet's interests are adverse. See Affidavit of Isabella Miller, ¶ 15 at Exhibit A. ("All those lawyers who purport to represent me and my wishes are acting contrary to my wishes and desires and in a way to further a cause that is the exact opposite of what my desire and wishes as their client in fact are.")

10. Plaintiffs' counsel are unable to obtain Isabella's "informed consent, confirmed in writing" to continue to represent Janet. Isabella has specifically demanded that they stop representing Janet. See Second Affidavit of Isabella Miller, ¶ 3 at Exhibit B.

11. Therefore, the Court must dismiss Isabella and disqualify her counsel from representing anyone else in this case.

WHEREFORE, Defendant, Timothy D. Miller, respectfully requests that this Honorable Court:

    A. Dismiss Isabella Miller Jenkins as a party to this case;

    B. Disqualify Plaintiffs' Counsel from representing Janet Jenkins or any other party in this case;

    C. Stay the case for not more than 30 days to allow Janet Jenkins to obtain new counsel; and

---

[1] For the purpose of a Disqualification Motion, it does not matter whether Isabella has or has not conveyed confidential information. In the Second Circuit, a violation of Rule 1.9 alone is sufficient to support disqualification. See *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737 (2d Cir. 1978)("To grant a disqualification motion, court does not require proof that attorney actually had access to or received privileged information while representing client in prior case."); see also *State v. Crepeault*, 167 Vt. 209, 216 (1997)("Once a substantial relationship between the matters is found, 'the court need not inquire whether the attorney in fact received confidential information.'")

    D.  Such other relief as may be just and necessary.

                                               Respectfully submitted,
                                               Timothy D. Miller
                                               By his attorneys,

                                               WADLEIGH, STARR & PETERS, P.L.L.C.

Dated:  February 1, 2021               By    /S/ Michael J. Tierney
                                               Michael J. Tierney – VT Bar No. 5275
                                               95 Market Street
                                               Manchester, NH   03101
                                               (603) 669-4140
                                               mtierney@wadleighlaw.com