```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT


JANET JENKINS, ET AL.,           :
                                 :
        Plaintiffs,              :
                                 :
        v.                       :     Case No. 2:12-cv-184
                                 :
KENNETH L. MILLER ET AL.,        :
                                 :
        Defendants.              :
```

**ORDER RE: EMERGENCY MOTION TO STAY CIVIL ACTION AGAINST DEFENDANT LISA MILLER, MOTION TO TAKE DEPOSITION OF DEFENDANT LISA MILLER, AND MOTION FOR EXTENSION OF TIME TO FILE ANSWER**

(ECF Nos. 667, 671, 674)

Before the Court is Defendant Lisa Miller's Emergency Motion to Stay and Plaintiff Janet Jenkins' Motion to Take the Deposition of Defendant Lisa Miller. Lisa Miller is currently confined at the Niagara County Jail in Lockport, New York, and is facing a criminal superseding indictment filed in the United States District Court for the Western District of New York. On March 26th, this Court ordered that discovery in the case close within 61 days. ECF No. 668. On April 1, Lisa Miller moved to stay the case.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The person seeking a stay 'bears the burden of

establishing its need.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). Where a defendant confronts both civil and criminal cases, "[a] stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Id.* Thus, though a stay in a civil case has been characterized as an extraordinary remedy, "[a] district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Id.*

Both parties agree that the Second Circuit has acknowledged several factors that may serve as a "rough guide" in deciding whether or not to stay civil proceedings:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99 (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (footnotes omitted)). The parties both agree

that the issues in the criminal and civil cases have considerable overlap, and that Lisa Miller has been indicted criminally. The parties also agree that Jenkins has a legitimate interest in the expeditious resolution of her case. Lisa Miller claims that the denial of a stay would burden her, but Jenkins claims that this is a "problem of her own making" and that the other co-defendants may wish to proceed with the case expeditiously. The parties dispute whether the public interest and the interests of the courts weigh in favor of staying.

    The Court **grants** Lisa Miller's motion and **denies** Janet Jenkins' motion. The Court has examined the various factors and finds that, given the imminent nature of the proceedings against Lisa Miller, it would be a substantial burden upon her to have to defend herself in the civil proceeding as well as the criminal proceeding. Jenkins has already moved to depose her, and she would not be able to participate in discovery in the civil case while facing the criminal prosecution. Though the Second Circuit has acknowledged that a defendant has "no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege[,]" *Louis Vuitton*, 676 F.3d at 98 (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)), the Court considers Lisa Miller's Fifth Amendment privilege to be one of the most important factors in this case.

In conclusion, the Court **grants** Lisa Miller's Motion to Stay (ECF No. 671) and **denies** Plaintiff's Motion to Take Deposition of Defendant Lisa Miller (ECF No. 674). The Court further **denies** Lisa Miller's Motion for Extension of Time to File Answer and/or Responsive Pleadings and Initial Disclosures (ECF No. 667) as moot, because the case against her is now stayed. The Court also requires counsel to file memoranda within 10 days as to whether the remainder of the case should either proceed to motions or trial or be stayed pending resolution of the criminal case involving Lisa Miller.

DATED at Burlington, in the District of Vermont, this 16th day of April, 2021.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
