```
                UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT

Janet Jenkins,                  )
                                )
        Plaintiff,              )
                                )
    v.                          )    Case No. 2:12-cv-184
                                )
Kenneth L. Miller, Lisa Ann     )
Miller, Timothy D. Miller,      )
Response Unlimited, Inc.,       )
Philip Zodhiates, Victoria      )
Hyden, Linda M. Wall,           )
Matthew D. Staver, Rena M.      )
Lindevaldsen, Liberty Counsel   )
LLC,                            )
                                )
        Defendants.             )
```

## OPINION AND ORDER

Plaintiff Janet Jenkins moves the Court to lift any current stays (ECF No. 705), to order the parties to submit a joint modified discovery schedule (ECF No. 705), and to dismiss Defendant Lisa Miller without prejudice (ECF No. 706).  The first two motions are granted as unopposed.  This case is no longer stayed, and the parties shall file a joint modified discovery schedule within 30 days.

The motion to dismiss Lisa Miller, alternatively filed as a notice of dismissal, is opposed.  Plaintiff reports that she has settled all claims against Lisa Miller and seeks to dismiss her from the case without prejudice.  Defendants Liberty Counsel, Inc. and Rena Lindevaldsen ("Defendants") object, arguing in

part that dismissal of a single party requires their consent and that they are entitled to review the settlement documents.  For reasons set forth below, the Court disagrees and accepts the notice of dismissal without prejudice.

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an "action" without a court order if the opposing party has not served either an answer or a motion for summary judgment.  Here, Lisa Miller has not served an answer or filed for summary judgment.  There are also no counterclaims pending against her.  Plaintiff has thus filed a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).  Plaintiff also moves the Court in the alternative to dismiss Lisa Miller under Rule 41(a)(2), which allows a plaintiff to request an order of the Court dismissing an opposing party "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Dismissal under either subsection of Rule 41 is generally without prejudice.  *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."); Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

Defendants oppose Plaintiff's filings, arguing that Rule 41 only provides for dismissal of the entire "action" and not individual parties or claims.  For support, they rely on *Harvey*

2

*Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), wherein the Second Circuit did indeed hold that Rule 41 applies to the dismissal of an entire case, and not individual parties or claims. *Id.* at 108. In the seventy years since *Harvey Aluminum*, however, the Second Circuit has called the case into question and numerous lower courts have concluded that its holding is no longer persuasive authority. *See Wakefield v. N. Telecom. Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (acknowledging that *Harvey Aluminum* "has been criticized and is now against the weight of the authority"); *Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D. Conn. 2005) ("district courts have declined to view [*Harvey Aluminum*] as binding, even though it has not been explicitly overruled"); *Mut. Ben. Life Ins. Co. in Rehab, v. Carol Mgmt. Corp.*, No. 93 Civ. 7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (noting that *Harvey Aluminum* is "no longer persuasive authority on the issue").

At most, *Harvey Aluminum* has been limited to its facts, as the Second Circuit reasoned that since the "the merits of the controversy were squarely raised" voluntary dismissal was not appropriate. 203 F.2d at 108. Although the instant case was filed several years ago, there has been little merits consideration of the claims brought against Lisa Miller. Accordingly, the reasoning in *Harvey Aluminum* does not apply.

3

*See Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (holding "that at least in cases falling short of the extreme exemplified by *Harvey Aluminum*, notices of dismissal filed in conformance with the explicit requirements of [former] Rule 41(a)(1)(i) are not subject to vacatur").

As noted above, courts in this Circuit now widely apply the majority rule, which holds that Rule 41 allows a plaintiff to dismiss individual parties without dismissing the entire case. *See, e.g., Blaize-Sampeur v. McDowell*, No. 05 Civ. 4275 (JFB)(ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) ("[D]istrict courts within the Second Circuit have ... adopted the approach of the majority of courts in other circuits—that is, that Rule 41(a) does not require dismissal of the action in its entirety.") (citing cases); *Morron v. City of Middletown*, No. 05 Civ 1705 (JCH), 22006 WL 1455607, at *1 (D. Conn. May 23, 2006) ("[W]here a party has not yet served an answer or a motion for summary judgment, a plaintiff has the unilateral right to dismiss an action against a particular defendant."). Consistent with that majority position, the Court holds that Rule 41 permits the dismissal of an individual defendant by notice of dismissal under Rule 41(a)(1)(A)(i) even when co-defendants remain in the case.

Defendants further object to dismissal under Rule 41(a)(1)(A)(i) because *other* defendants have served Plaintiff

4

with answers.  Defendants argue that Rule 41(a)(1)(A)(ii) therefore applies and that a "stipulation of dismissal signed by all parties who have appeared" is required.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  This argument again runs contrary to prevailing case law.  *See, e.g., Madsen v. Park City*, 6 F. Supp. 2d 938, 943 (N.D. Ill. 1998) ("In a multiple defendant case, it is permissible to voluntarily dismiss just some of the defendants ... and the fact that some of the defendants have already answered does not preclude invoking this rule as to other defendants."); *Sheldon v. Amperex Elec. Corp.*, 52 F.R.D. 1, 9 (E.D.N.Y.), *aff'd*, 449 F.2d 146 (2d Cir. 1971) ("Service of a notice of motion for summary judgment by one or more of several defendants (or of an answer, for that matter), does not foreclose the plaintiff from dismissing as to any other defendant who has not served notice of such a motion."); *Terry v. Pearlman*, 42 F.R.D. 335, 337 (D. Mass. 1967) (quoting 5 Moore's Federal Practice 1088: "[w]here notice of dismissal is filed under Rule 41(a)(1) with regard to one of several defendants, who has served neither an answer nor a motion for summary judgment, dismissal should not be precluded by the fact that other defendants have served an answer or a motion for summary judgment").

   Because the Court finds that a notice of dismissal under Rule 41(a)(1) was sufficient, the Court need not address the

reply arguments offered by Plaintiff and Defendant Miller under Federal Rules of Civil Procedure 21 or 41(a)(2).  Moreover, the Court may not exercise any discretion since dismissal by notice "is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or the court....  Its alpha and omega was the doing of the plaintiff alone."  *Thorp*, 599 F.2d at 1176 (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)).  Lisa Miller is therefore dismissed from the case without prejudice.

    For the reasons set forth above, the notice of dismissal is accepted, the joint motion to dismiss (ECF No. 706) is denied as moot, and Lisa Miller is dismissed from the case without prejudice.  The motion to lift stays and motion to order the parties to file a proposed modified discovery schedule (ECF No. 705) are granted, and such proposed schedule shall be filed within 30 days.

    DATED at Burlington, in the District of Vermont, this 18th day of April, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
