```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Janet Jenkins,                    )
                                  )
         Plaintiff,               )
                                  )
    v.                            )   Case No. 2:12-cv-184
                                  )
Kenneth L. Miller, et al.,        )
                                  )
         Defendants.              )
```

**OPINION AND ORDER**

Pending before the Court is Plaintiff Janet Jenkins' motion to exclude the report and testimony of expert witness Lawrence Daniel. Defendants Liberty Counsel, Inc. and Rena M. Lindevaldsen seek to offer Daniel's opinion that a 2009 telephone call made from a number belonging to Philip Zodhiates to a number belonging to Liberty Counsel was not answered, and was instead forwarded automatically to voicemail and disconnected before the voicemail greeting ended. It is undisputed that the call was not answered. For reasons set forth below, Plaintiff's motion is denied.

Daniel is offered as a forensics expert, and there is no dispute that he qualifies as an expert. Defendants retained him to analyze a phone call placed by Philip Zodhiates to Matthew Staver, the Founder and Chairman of Defendant Liberty Counsel. The call was allegedly made while Zodhiates was driving back to Virginia after dropping off Lisa Miller and Isabella Miller-

Jenkins in Buffalo, New York, prior to their departure from the United States.

To analyze the call, Daniel reviewed records from nTelos and AT&T.  The nTelos record indicates a call length of one minute, though Daniel believes the call duration was shorter and that nTelos rounds its call lengths to the nearest minute.  The AT&T records reportedly show that the call was forwarded to voicemail, that no conversation took place, and that the call lasted nine seconds.  Daniel was able to determine this after interpreting certain codes in those records.  Daniel also called the receiving phone number to confirm the length of the voicemail greeting.  He discovered that the greeting itself was 19 seconds and, having been informed by Defendants' counsel that the voicemail message had not changed since the Zodhiates call in 2009, concluded that Zodhiates ended the call prior to leaving a message.

Plaintiff argues that Daniel's opinion is not based on any technical, scientific, or specialized knowledge.  Specifically, she contends that Daniel merely called a phone number and reviewed phone records.  To the extent that the AT&T records require knowledge of the company's codes, Daniel applied a records key.  Plaintiff argues that the jury will be capable of using that same key.  Plaintiff therefore asks the Court to exclude Daniel's testimony as "directed to 'lay matters which a

jury is capable of understanding and deciding without the expert's help.'" *United States v. Jobin*, 327 F. Supp. 2d 310, 312 (D. Vt. 2004) (quoting *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989)).

Plaintiff further argues that Daniel's conclusion about whether a message was left is speculative. The call was placed in 2009, and Daniel assessed the length of the voicemail greeting in 2024. Although Defendants' counsel informed Daniel that the voicemail greeting did not change between 2009 and 2024, and Staver has since attested to that fact in an affidavit, Daniel conceded that there is no scientific method for proving that the voicemail was unchanged between 2009 and 2024. Finally, Plaintiff submits that Daniel's testimony is irrelevant since fact that there was a call, standing alone, provides circumstantial evidence supporting her conspiracy claim.

To be admissible, expert testimony must "both rest[ ] on a reliable foundation and [be] relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also* Fed. R. Evid. 702 (an expert witness may offer an opinion if the proponent demonstrates that the testimony will, more likely than not, "help the trier of fact to understand the evidence or to determine a fact in issue" and "is based on sufficient facts or data"). Reliability of scientific methods

3

is not at issue here.  Furthermore, the record suggests that certain phone records will be admitted, that those records will include codes, and that explanation of those codes – even through the use of a key – by a qualified professional is likely to assist the jury.

The Court therefore finds that that Daniel may testify about his conclusions regarding the content of the relevant phone records.  Daniel may also testify about the call to Staver's voicemail.  While a representation by counsel that the voicemail did not change since 2009 would be insufficient at trial, Staver's subsequent affidavit confirming that fact now supports counsel's assurance.  With respect to relevance, the parties may each argue that the call is either significant or insignificant as evidence of a conspiracy.  Whether a message was left may add to, or take away from, the persuasiveness of those arguments.  Testimony from Daniel on that question will "assist the trier of fact to understand the evidence."  Fed. R. Evid. 702.

Plaintiff's motion to exclude the expert report and proposed testimony of Lawrence Daniel (ECF No. 815) is denied.

DATED at Burlington, in the District of Vermont, this 21st day of February 2025.

<u>/s/ William K. Sessions III</u>  
Hon. William K. Sessions III  
District Court Judge