UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Janet Jenkins,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    Case No. 2:12-cv-184
                                  )
Kenneth L. Miller, *et al.*,      )
                                  )
        Defendants.               )

### OPINION AND ORDER

Pending before the Court is a consolidated motion, filed by Defendants Liberty Counsel and Rena Lindevaldsen ("Defendants"), to exclude certain expert testimony. The motion seeks to preclude the testimony of Tara Devine, a family law practitioner who served as the court-appointed guardian *ad litem* ("GAL") for Isabella, and Patricia Apy, an expert on international family disputes. For reasons set forth below, the motion is denied.

**I.   Tara Devine**

Devine served as the GAL for Isabella in Vermont family court. Plaintiff offers her as both a fact witness and an expert witness. Serving as a fact witness, Devine will testify about the Rutland Family Court proceedings involving Plaintiff, Lisa Miller and Isabella, including her recollection of actions taken by Lisa Miller after certain court orders, and representations made to the family court by Defendants in their capacities as Miller's attorneys. As an expert, having

practiced family law in Vermont, Devine will testify about the meaning and import of certain family court proceedings and orders.  She will also be able to explain Plaintiff's parental rights under Vermont law.  All such testimony is relevant to Plaintiff's claims.

Defendants argue that Devine will be testifying on matters beyond her knowledge and expertise.  They cite Devine's report, in which she offers opinions about Isabella's relationship with Plaintiff, as well as her belief that "[i]t was in Isabella's best interests to live in Vermont with Janet Jenkins and have visitation with Lisa Miller."  ECF No. 822-1 at 3.  Defendants argue that Devine has no training in psychology or any related field that would qualify her to testify about family dynamics.

Devine's report does not discuss family dynamics in clinical terms, or move beyond what she witnessed in her role as Isabella's GAL.  For example, she noted that Isabella had formed a "bond" with Plaintiff and Plaintiff's parents.  She is acting as a fact witness, and not as an expert, when she makes such an observation.  Moreover, one of her roles as GAL was to help the family court determine Isabella's best interests.  Her opinions and recommendations on that issue did not require, as Defendants suggest, empirical methodology, as they were based purely on her personal observations and interactions with the relevant parties.

2

Defendants also object to any speculation about what Lisa Miller and her alleged co-conspirators knew or believed. Devine's report opines that "Lisa Miller, her attorneys and co-conspirators knew of the Rutland Family Court's orders" for visitation "to support the reunification between Isabella and Janet Jenkins," and that Miller fled the country with Isabella "to avoid Court Orders and the consequences of her non-compliance." *Id.* The Court will allow Devine to testify about family court proceedings that involved Miller and her attorneys and, assuming a proper foundation, events in those proceedings of which Miller was clearly aware. To the extent that Devine attempts to speculate about the motives of Miller or her alleged co-conspirators, the Court will determine the propriety of such testimony at summary judgment or trial.

Devine may also testify as an expert on family court proceedings, and in particular the rulings by the Rutland Family Court relevant to this case. Although Defendants argue that such testimony will not assist the trier of fact, the Court finds that court orders, and the import of those orders, will likely benefit from explanation by an experienced practitioner.

Devine has twice testified as a dual fact and expert witness in the prosecutions of Kenneth Miller and Philip Zodhiates. In those cases, her testimony was reportedly admitted to help the jury understand the factual and procedural

history of the Rutland Family Court proceedings.  The Court will allow Devine to play that role here as well.  Finally, the Court does not find her proposed testimony to be more prejudicial than probative.  Defendants' motion to exclude Devine's testimony is denied.

## II.  Patricia Apy

Patricia Apy is an expert on international family disputes. Defendants do not challenge her qualifications as an expert. Apy is expected to testify about the difficulty of recovering a child removed to Nicaragua, specifically under the Hague Conventions on the Civil Aspects of International Child Abduction.  Defendants argue that her proposed testimony is not relevant.

Plaintiff submits that Apy's testimony will help the jury understand why efforts to recover Isabella through the Nicaraguan court system would have been futile.  The testimony will help explain why Plaintiff did not take certain actions, and provide insight into the emotional harm she allegedly suffered when realizing where Isabella was located.  The testimony is therefore relevant to Plaintiff's claim for damages related to emotional distress.

Defendants argue that Plaintiff failed to identify Apy as an expert on the question of emotional harm.  Apy's testimony, however, relates to a potential cause of such harm, and not to

4

the extent or intensity of the harm itself.  The Court will therefore allow her testimony.  And again, the Court finds that the proposed testimony will be more probative than prejudicial. The motion to exclude Apy's testimony is denied.

## III. Conclusion

Defendants' consolidated motion to exclude the proffered expert testimonies of Tara Devine and Patricia Apy (ECF No. 822) is denied.

DATED at Burlington, in the District of Vermont, this 21st day of February 2025.

<u>/s/ William K. Sessions III</u>
Hon. William K. Sessions III
District Court Judge