```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Janet Jenkins,                  )
                                )
        Plaintiff,              )
                                )
    v.                          )    Case No. 2:12-cv-184
                                )
Kenneth L. Miller, et al.,      )
                                )
        Defendants.             )
```

**OPINION AND ORDER**

Pending before the Court is Defendant Timothy Miller's motion to dismiss for lack of subject matter jurisdiction. Plaintiff Janet Jenkins is suing Miller under Vermont tort law and 42 U.S.C. § 1985. Miller now argues that the Court lacks federal question jurisdiction because 42 U.S.C. § 1985 does not apply outside the United States, and that at all relevant times he was living in Nicaragua. Miller also contends the Court lacks diversity jurisdiction and cannot assert supplemental jurisdiction. For the reasons set forth below, the motion to dismiss is denied.

**Factual Background**

The Revised Second Amended Complaint ("SAC") seeks relief against Defendants for allegedly kidnapping and conspiring to kidnap Isabella Miller-Jenkins on or about September 21, 2009. The SAC asserts two causes of action: a state law claim that Defendants committed the intentional tort of kidnapping, and a

federal claim that Defendants conspired to violate Jenkins' civil rights in violation of 42 U.S.C. § 1985. Miller is a Defendant in both causes of action.

With respect to the Court's subject matter jurisdiction, Jenkins claims federal question jurisdiction under 42 U.S.C. § 1985 and diversity jurisdiction on the basis of Miller's out-of-state residence. The SAC alleges that Miller was "a resident of Managua, Nicaragua and Crossville, Tennessee." ECF No. 223 at 3, ¶ 9. In addition to diversity jurisdiction, Jenkins argues for supplemental jurisdiction over the state law claim given the Court's original jurisdiction over the Section 1985 claim.

Miller now moves to dismiss, arguing that the Court has no subject matter jurisdiction. Miller contends that 42 U.S.C. § 1985 does not apply outside the United States, and that diversity jurisdiction does not apply to United States citizens domiciled abroad. In support of his motion, he has submitted an affidavit in which he attests that he lived in Nicaragua between 1999 and 2016. ECF No. 810-3, ¶ 4. He further claims that he was removed from Nicaragua in 2016 and held in custody until March 2017. *Id.* After being released from custody, he moved to Pennsylvania. *Id.* ¶ 5. Miller states that "[a]t no point between 2001 and 2016 did I reside in any State or Territory of the U.S." *Id.*, ¶ 6.

According to FBI database records, as of 2011 Miller held a valid Tennessee driver's license.  ECF No. 83-1 at 6, ¶ 15.  In 2018, Miller filed a motion to dismiss for lack of personal jurisdiction in which he claimed, through counsel, that he "was at relevant times a resident of Nicaragua, Tennessee, and now Pennsylvania."  ECF No. 337 at 2, ¶ 1.  Miller's memorandum of law in support of that same motion to dismiss stated that he "has been a resident of Managua, Nicaragua; Crossville, Tennessee; and currently Denver, Pennsylvania."  ECF No. 337-1 at 2.

## Discussion

**I.   Motion to Dismiss Standard**

When facing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In considering such a motion, the Court generally must accept as true the material factual allegations in the complaint.  *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  However, the Court does not draw all reasonable inferences in the plaintiff's favor.  *Id.*  When the jurisdictional facts are disputed, the Court has the power to consider matters outside the pleadings to determine whether jurisdiction exists.  *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d

1006, 1011 (2d Cir. 1986). When a party submits evidence outside the pleadings, courts have required that such evidence be competent. *Id.*

## II. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Miller contends the Court lacks federal question jurisdiction because 42 U.S.C. § 1985 does not have extraterritorial application. The statute provides, in relevant part, that a plaintiff can bring an action for damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Miller claims that because he was not a person "in any State or Territory" at the time of the alleged conspiracy, the Court cannot assert subject matter jurisdiction under 42 U.S.C. § 1985(3).

Jenkins argues that Miller is confusing subject matter jurisdiction with failure to state a claim. The Second Circuit, based on Supreme Court precedent, has noted that "the extent of [a] statute's extraterritorial reach is not an issue related to the court's jurisdiction" and ultimately "'is a merits question.'" *United States v. Prado*, 933 F.3d 121, 138 (2d Cir.

4

2019) (quoting *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010)). Furthermore, "[w]here the complaint 'is so drawn as to seek recovery directly under the Constitution or laws of the United States,' *Bell v. Hood*, 327 U.S. 678, 681 (1946), the district court must entertain the suit unless the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Spencer v. Casavilla*, 903 F.2d 171, 173 (2d Cir. 1990) (quoting *Bell*, 327 U.S. at 682–83).

Here, the claim against Miller under 42 U.S.C. § 1985(3) is not insubstantial or frivolous given the significant conspiracy claims, as well as the dispute about Miller's residence and domicile. *See id.* Nor is there any indication that Jenkins brought a federal claim solely for the purpose of establishing federal court jurisdiction. *See id.* The Court may therefore assert subject matter jurisdiction. As the Supreme Court explained in *Bell*, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." 327 U.S. at 682; *see also Schwartz v. Gordon*, 761 F.2d 864, 867 n.4 (2d Cir. 1985) (noting

5

that dismissal because of inapplicability of federal statute is more aptly termed one for failure to state a claim than one for lack of jurisdiction if question presented was nonfrivolous).

In his reply memorandum, Miller invites the Court to dismiss Jenkins' federal cause of action for failure to state a claim, again citing the text of the statute.  Such dismissal would be assessed under Federal Rule of Civil Procedure 12(b)(6) and related case law.  Jenkins has not had an opportunity to respond to Miller's proposal.  The Court will therefore adhere to the usual rule that arguments raised for the first time in a reply memorandum do not require a ruling.  *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").  The motion to dismiss the federal cause of action for lack of subject matter jurisdiction is denied without prejudice.

### III. Diversity and Supplemental Jurisdiction

Miller next contends that the Court lacks subject matter jurisdiction over Jenkins' state law claim because there is no diversity of citizenship.  The Court first notes that, with a federal claim still pending, supplemental jurisdiction over the state law claim is appropriate.  Federal courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, Jenkins' tort claim and her 42 U.S.C. § 1985 claim involve the same essential facts, and therefore "form part of the same case or controversy." *Id.*

With respect to diversity jurisdiction, Miller argues the Court lacks such jurisdiction because he was living in Nicaragua during the relevant time period. Courts assert diversity jurisdiction under 28 U.S.C. § 1332. "United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). "In other words, 'a suit by or against United States citizens domiciled abroad may not be premised on diversity.'" *Force v. Facebook, Inc.*, 934 F.3d 53, 74-75 (2d Cir. 2019) (quoting *Cresswell*, 922 F.2d at 68)).

The parties dispute whether Miller was truly domiciled in Nicaragua. Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). In general, "[f]or purposes of diversity jurisdiction, the relevant

7

domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).  A party alleging a change of domicile has the burden of proving the "require[d] . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality," and must prove those facts "by clear and convincing evidence."  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 243-44 (2d Cir. 1984) (internal quotation marks omitted)).

Jenkins filed her Complaint in 2012.  Miller had a valid Tennessee driver's license as of 2011.  Jenkins notes that under Tennessee law, Miller was required to renew his license every five years, which suggests that he renewed his license while living in Nicaragua with the intention of returning to the United States.  Miller also stated in Court filings that, during the relevant time period, he was a Tennessee resident.

Jenkins further submits that even if the Court ultimately determines there is no federal question jurisdiction over Miller, the parties are now completely diverse since Miller is currently living in Pennsylvania.  While diversity jurisdiction is usually determined by the parties' domiciles at the time the complaint is filed, the Second Circuit has held that "where federal question jurisdiction was properly asserted at the

outset of a case and diversity jurisdiction attached before federal question jurisdiction dissipated, the standard rule that diversity jurisdiction only exists where diversity is present at the time of the original complaint does not apply." *Wright v. Musanti*, 887 F.3d 577, 585 (2d Cir. 2018).

The record includes Miller's concession that he resided in the United States "at relevant times." ECF No. 337 at 2, ¶ 1. Even assuming the record supported a change of domicile, the Court had federal question jurisdiction at the time of filing, supplemental jurisdiction over the state law claim was appropriate, and if the federal cause of action is ultimately dismissed the parties are now diverse with Miller currently living in Pennsylvania. *See id.* The Court may therefore retain subject matter jurisdiction over Jenkins' claims against Miller.

## Conclusion

For the reasons set forth above, Miller's motion to dismiss for lack of subject matter jurisdiction (ECF No. 810) is denied.

DATED at Burlington, in the District of Vermont, this 28th day of February, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
District Court Judge