UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
Janet Jenkins,                  )
                                )
        Plaintiff,              )
                                )
    v.                          )   Case No. 2:12-cv-184
                                )
Kenneth L. Miller, et al.,      )
                                )
        Defendants.             )
```

## OPINION AND ORDER

Plaintiff Janet Jenkins brings this action claiming Defendants worked together to kidnap her daughter and violate her constitutional rights. On March 31, 2025, the Court entered summary judgment in favor of Defendants Liberty Counsel, Inc. and Rena Lindevaldsen (collectively the "LC Defendants"). Jenkins now moves the Court to enter partial final judgment as to the LC Defendants or, in the alternative, to certify an interlocutory appeal of the summary judgment ruling. For the reasons set forth below, the Court will enter partial final judgment in favor of the LC Defendants.

## Background

The facts of this case are set forth in detail in the Court's summary judgment rulings. ECF Nos. 895, 896, 897. The Court assumes the parties' familiarity with those facts. Relevant to Jenkins' pending motion, the Court previously entered summary judgment in favor of the LC Defendants. The

ruling found, in part, that Jenkins' claims against the LC Defendants were untimely and were not supported by sufficient evidence to warrant a jury trial. Jenkins seeks to challenge those conclusions promptly at the appellate level, and therefore asks the Court to enter partial final judgment in favor of the LC Defendants or, alternatively, to certify an interlocutory appeal.

## Discussion

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, as explained by the Second Circuit, Rule 54(b) authorizes the entry of partial final judgment "when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018).

In this case, there is no dispute that Jenkins' motion meets the first two requirements: there are multiple claims or parties, and the liability of the LC Defendants has been finally determined. "Even when the first two factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055, 2004 WL 541842, at *4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005). Rule 54(b) motions should be granted "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (citation omitted). Entry of partial judgment may be appropriate, "for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.* at 16 (citations omitted).

> It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. . . . This discretion is to be exercised "in the interest of sound judicial administration."
>
> . . .

> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." . . . . It is therefore proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Zivkovic v. Laura Christy LLC*, 137 F.4th 73, 81 (2d Cir. 2025) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 9 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, (1956)).

Here, Jenkins first argues that the claims against the LC Defendants are separable. The Court agrees. One portion of Jenkins' appeal would challenge the Court's ruling on the timeliness of her claims against the LC Defendants. That determination was specific to the LC Defendants, and any subsequent appeal by a different party would not require the Second Circuit to address that same question "more than once." *Id.*

The second portion of Jenkins' appeal would pertain to the Court's review of the summary judgment record as it applied to the LC Defendants. When the Court granted the LC Defendants' motion for summary judgment, it concurrently issued separate

4

summary rulings with respect to other Defendants. Although the record reflected certain core facts common to all Defendants – such as their alleged roles in Isabella's removal from the United States – the Court issued separate rulings in part because the legal and factual analyses were distinct. On appeal, the Second Circuit's considerations would be equally distinct, meaning that once again, in the event of multiple appeals, the appellate court would not face the same issues twice. *See id.*

"[T]he mere separability of a claim does not warrant Rule 54(b) certification." *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs. -- Charco Redondo Butane*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). Jenkins therefore argues that a failure to grant partial final judgment would result in undue hardship and injustice. She specifically contends that, if required to wait for the resolution of all claims against the remaining Defendants by means of a jury trial, a remand of her claims would require a lengthy, expensive, and emotionally-trying second trial.

Although in some instances the threat of a second trial is not sufficient to warrant relief under Rule 54(b), *see, e.g., Jeffery v. City of New York*, No. 20-CV-2843, 2022 WL 2704760, at *4 (E.D.N.Y. July 12, 2022), this case presents unique factors that would magnify the harm resulting from a delayed appeal and,

5

in the event of a remand, a second trial.[1] First, the case has been pending for over 13 years. Final adjudication has been delayed, in significant part, by stays necessitated by criminal prosecutions of certain Defendants. The case was also complicated by an international kidnapping and the presence of key witnesses overseas. To further delay resolution by barring an appeal of fully-adjudicated claims would result in unusual hardship, as Jenkins has been pursuing her claims for over a decade and now moves the Court to proceed on the most efficient path available under the Federal Rules.

Second, there is the nature of the case itself. Jenkins' child was kidnapped over 15 years ago, and she has reportedly been unable to see the child since that time. Trial will undoubtedly be emotional for Jenkins as she revisits the time of the kidnapping, her child's disappearance, and related events. Jenkins also submits that the case is likely to attract significant media attention. The Court acknowledges that by asserting claims as a Plaintiff, Jenkins invited both a jury trial and any attendant media. The Court is nevertheless

---

[1] The LC Defendants argue that the case will require two separate trials because it would be prejudicial to have them proceed in the same trial as Defendants who were criminally convicted for their roles in the kidnapping. The question of separate trials due to alleged prejudice has not been presented in a motion to the Court, and does not factor into the Court's current consideration since, without full briefing, the Court is unable to predict the outcome of such a motion.

reluctant to compel her participation in a second jury trial, and a second round of media exposure, in the event her claims against the LC Defendants are remanded.

Finally, this is not a case in which "the same or closely related issues remain to be litigated." *Nat'l Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir. 1988). As discussed above, the questions at issue with respect to the LC Defendants are distinct from those involving the remaining Defendants. Accordingly, when the Court considers judicial efficiency and any reasons for delaying the entry of final judgment regarding the LC Defendants, it finds that such interests are best served by granting the motion and allowing for an immediate appeal of the summary judgment ruling. Moreover, given the nature of the case, Jenkins has made the required showing of undue hardship or injustice if the Court were to withhold relief under Rule 54(b). The Court therefore finds there is no just reason for delay, and Jenkins' motion is granted.[2]

## Conclusion

For the reasons set forth above, Jenkins' motion for entry of partial final judgment (ECF No. 905) is granted.

---

[2] Because the Court is granting relief under Rule 54(b), it need not consider Jenkins' alternative request for certification of an interlocutory appeal.

7

DATED at Burlington, in the District of Vermont, this 5th day of August 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge