```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Janet Jenkins,                    )
                                  )
       Plaintiff,                 )
                                  )
   v.                             )    Case No. 2:12-cv-184
                                  )
Kenneth L. Miller, et al.,        )
                                  )
       Defendants.                )
```

## OPINION AND ORDER

Plaintiff Janet Jenkins brings this action claiming Defendants worked together to kidnap her daughter and violate her constitutional rights. Pending before the Court is Jenkins' motion to stay all proceedings while she appeals a summary judgment order. For the reasons set forth below, the motion is granted.

## Factual Background

On March 31, 2025, the Court entered summary judgment in favor of Defendants Liberty Counsel, Inc. and Rena Lindevaldsen (collectively the "LC Defendants"). While the Court issued additional summary judgment rulings that same day, the case has not concluded as claims remain pending against some of the other defendants.

On August 7, 2025, the Court granted Jenkins' motion for entry of partial final judgment as to the LC Defendants, allowing her to file an immediate appeal of the order dismissing

the LC Defendants from the case. In its ruling on the motion for entry of partial final judgment, the Court reasoned that allowing Jenkins to appeal the summary judgment ruling would, among other things, enable her to avoid two lengthy and emotional jury trials and, as this has been a highly publicized case, corresponding rounds of media exposure. *See* ECF No. 916 at 6-7. The Court also concluded that an immediate appeal would be the most efficient litigation path. *Id.* at 6.

Jenkins has filed her notice of appeal with respect to the dismissal of the LC Defendants, and now moves the Court for a stay of all proceedings until that appeal is resolved. The motion to stay is largely unopposed. Jenkins reports that no party has expressed any opposition to the motion with the exception of the LC Defendants, who have stated their intention to file a motion for attorney's fees and nontaxable costs. The LC Defendants submit that the Court should rule on their anticipated motion while the appeal to the Second Circuit is pending.

## **Discussion**

Given that the motion to stay is largely unopposed, the current question is whether the Court should address the LC Defendants' anticipated motion for fees and costs prior to the

resolution of Jenkins' appeal.[1] The Second Circuit has determined that a district court is not required to resolve a motion for attorney's fees before an appeal is completed. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004). Instead, the Court "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under [Rule 54] subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." *Id.* (quoting Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment) (italics omitted). "Indeed, [c]ourts in this Circuit regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits." *Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 CIV. 9718 (ER), 2017 WL 456466, at *12 (S.D.N.Y. Feb. 1, 2017) (collecting cases).

The LC Defendants correctly contend that while Jenkins' appeal is pending, the Court would retain ancillary jurisdiction

---

[1] The Court takes no position at this time as to the merits of any such potential motion for costs and fees. *See Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (noting that award of fees to prevailing defendants in a civil rights case is appropriate "only when the plaintiff's claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so") (citation and internal quotation marks omitted).

over their motion for costs and fees. *See Tancredi*, 378 F.3d at 225 ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.") (citations omitted). The presence of ancillary jurisdiction over a collateral matter, however, does not govern the question of whether that matter should be considered.

The Court finds that staying all proceedings, which would effectively defer consideration of the LC Defendants' anticipated motion for fees and costs, "will avoid the necessity of a second motion seeking the fees associated with litigating the appeal." *Philadelphia Indem. Ins. Co. v. Cent. Terminal Restoration Corp.*, No. 16-CV-280, 2017 WL 3431404, at *2 (W.D.N.Y. Aug. 10, 2017); *see Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 285-86 (E.D.N.Y. 2014) ("delaying resolution of [defendants'] request for attorneys' fees until [plaintiff's] appeal on the merits has been decided is the more prudent course of action"). Moreover, if Jenkins is successful in her appeal, the Second Circuit's ruling would moot the LC Defendants' motion. *See, e.g., Mar-Can Transportation Co., Inc. v. Loc. 854 Pension Fund*, No. 20-CV-8743 (CS), 2024 WL 3887191, at *12 (S.D.N.Y. Aug. 21, 2024); *Barrella v. Vill. of Freeport*, 56 F. Supp. 3d 169, 172 (E.D.N.Y. 2014) ("In the typical case, deferring a ruling on a motion for attorneys' fees

4

until the Second Circuit resolves a merits appeal ensures that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails.").

The LC Defendants submit that the Court should rule on their motion for costs and fees so that any appeal of that motion can be consolidated with the current appeal. However, "there is no certainty that the Second Circuit would consolidate an appeal from this Court's order on fees." *Mhany Mgmt. Inc*, 44 F. Supp. 3d at 286. Also, "immediate resolution of the collateral issue of whether [the LC Defendants are] entitled to attorney's fees is unlikely to assist the Court of Appeals" in its resolution on the merits. *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, No. 6:09-CV-6043 MAT, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014) (internal quotation marks and citation omitted).

It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, the request for a stay is largely unopposed, and the question of fees and costs is best deferred until after the pending appeal is resolved. Both parties nonetheless invite the Court to consider such factors as prejudice from delay, the defendants' interests and the burden

of a stay, the Court's interest, the interests of nonparties, and the public interest. ECF No. 923 at 2; ECF No. 925 at 2. Considering those factors, the Court still finds in Jenkins' favor.

The LC Defendants' primary contention with respect to prejudice and the burden of a stay relates to their anticipated motion for costs and fees. For reasons set forth above, the Court finds that the best course for all parties is to defer consideration of that issue. If the LC Defendants succeed on appeal, they will be able to submit a motion that encompasses all costs and fees to date. *See Philadelphia Indem. Ins. Co.*, 2017 WL 3431404, at *2 ("deferring ruling on CTRC's motion for attorneys' fees will avoid the necessity of a second motion seeking the fees associated with litigating the appeal"). Resolving a motion that may become moot after the Circuit Court's ruling would waste the time and resources of both the parties and the Court.

The Court also finds that a stay is warranted because it keeps the case on track for a single trial. As the Court explained in its ruling on the motion for entry of partial final judgment, this case has unique characteristics that weigh significantly against multiple trials. Indeed, the interests of not only the parties but also the non-party witnesses are best served by taking this case to trial only once. And finally, the

conservation of judicial resources resulting from a stay serves the public interest. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 356 F. Supp. 3d 287, 299 (S.D.N.Y. 2018) ("[T]he public interest in prompt adjudication is counterbalanced by its interest in conserving judicial resources."). The Court therefore grants the motion to stay, and all proceedings are hereby stayed until the issuance of the Second Circuit's mandate with respect to the pending appeal.

## Conclusion

For the reasons set forth above, Jenkins' motion to stay (ECF No. 923) is granted.

DATED at Burlington, in the District of Vermont, this 6th day of October, 2025.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
